[No. 1238.]

THE STATE OF NEVADA, Respondent, *v.* EMMITT JONES and W. J. BRYAN, Appellants.

Burglary—Possession of Stolen Money—Evidence.—Facts are stated in opinion: *Held*, sufficient to sustain the verdict against Bryan, and insufficient as against the defendant Jones.

Reasonable Doubt—Instructions.—*State* v. *Nelson*, 11 Nev. 340, in regard to instructions as to reasonable doubt, affirmed.

APPEAL from the District Court of the Seventh Judicial District, Washoe County.

*Wm. Webster,* for Appellants:

*W. H. Davenport,* Attorney General, and *H. F. Bartine,* for Respondent:

By the Court, HAWLEY, J.:

Appellants were jointly indicted, tried, and convicted of the crime of burglary.

1. The first question to be considered is, whether the evidence is sufficient to sustain the verdict. We are of opinion that it is sufficient to sustain the verdict against W. J. Bryan, but we do not find any evidence to sustain the verdict against Emmitt Jones. The testimony shows that about 7 o'clock P. M., on the twenty-third of November, 1885, some person or persons feloniously entered the store of S. Jacobs, in the town of Reno, and took from the money-drawer the sum of ten dollars in silver coin. Appellant Bryan was seen standing on the street, and looking into the store, a few minutes before the entry was made. He was seen coming out of the store at or about the time the money was taken, and was pointed out to the officers, who arrested him. When arrested he was in company with appellant Jones. They were both searched, and eight dollars was found upon Bryan and two dollars upon Jones. This money corresponded in denomination, as well as in amount, with the money taken from the store.

The fact that Jones was seen in Bryan's company within a very short time after the burglary, and the further fact that they had the exact amount of money feloniously taken from the store, were suspicious circumstances, proper to be considered in the case; but, unless other testimony was offered to connect Jones with a knowledge of the burglary, was insufficient to authorize his conviction. For aught that appears in the record, Jones may have innocently joined Bryan without any knowledge of the crime that had been committed, and Bryan may have given him the two dollars found in his possession without there being any complicity between them in the commission of the crime. The connecting links in the change of evidence to constitute the offense, as against Jones, are missing. The fact that

he visited the store about three o'clock in the afternoon. on the day the money was taken, purchased and paid for a pair of stockings, does not connect him with the crime committed by Bryan.

2. Objection is made to the giving of an instruction relating to reasonable doubt, and the amount of proof required to convict, identical with the instruction sustained by this court in *State* v. *Nelson,* 11 Nev. 340.[1] We deem it unnecessary to again review this instruction, as the objections now urged against it were carefully considered in the case referred to. We then declared that the instruction, taken as a whole, was correct. We are still of the same opinion.

The judgment of the district court against appellant Bryan is affirmed. The judgment of the district court as against appellant Jones is reversed, and the cause, as to him, remanded for a new trial.