Hon. EDGAR N. HARWOOD, ⎫
Hon. WILLIAM H. DE WITT, ⎭ Associate Justices.

---

## STATE, RESPONDENT, *v.* RYAN; APPELLANT.

[Argued April 20, 1892. Decided June 6, 1892.]

CRIMINAL PRACTICE—*Record on appeal—Notice of motion for new trial.*—Although a full copy of the notice of motion for a new trial is not contained in the transcript, a statement in a bill of exceptions contained therein, that defendant gave notice that he would move for a new trial and that the notice was upon the same grounds as are set forth in the motion for a new trial, which motion was in writing and is contained in full in the transcript and sets forth the error relied upon, may be construed to state in effect that the notice was given and filed as provided by sections 355 and 356 of the Criminal Practice Act. (*State* v. *Fry*, 10 Mont. 407, distinguished.)

CRIMINAL LAW—*Circumstantial evidence—Degree of certainty required.*—The same degree of certainty is required to warrant a conviction on circumstantial evidence as when the evidence is direct, and the jury being required in all criminal cases to be satisfied beyond a reasonable doubt of the guilt of the defendant, an instruction in such case that the circumstances should be such as to produce nearly the same degree of certainty as that which arises from direct testimony, is error.

*Appeal from Eighth Judicial District, Cascade County.*

Defendant was tried before BENTON, J. Reversed.

*John A. Hoffman,* for Appellant.

*Henri J. Haskell,* Attorney-General, for the State, Respondent.

DE WITT, J. — A point of practice suggested by the attorney-general must be first noticed. He contends that the order denying a new trial cannot be reviewed, because no notice of motion for a new trial was filed in the District Court. (*State* v. *Fry*, 10 Mont. 407.) It is true that the record does not contain a full copy of the notice of motion, but the bill of exceptions in the transcript states that defendant gave notice that he would move for a new trial, and may be reasonably construed to state, in effect, that he gave this notice as provided by law. The other construction would be the strongest one against the defendant. The bill of exceptions also states that the notice was upon the same grounds as are set forth in the motion for a new trial, which motion was in writing, and is contained in full in the record, and sets forth the error upon which the defendant relied. As the bill of exceptions imports verity, we may conclude that the notice of motion was given as provided by law; that is, that it specified the error as set forth in the motion, and was filed within the proper time. It is, in effect, as above noted, so stated in the bill of exceptions. (§§ 355, 356, Crim. Prac. Act.) The case is thus distinguished from *State* v. *Fry, supra.*

The appellant complains of the following instruction: "While the jury must be convinced of the guilt of the defendant beyond a reasonable doubt, from the evidence, in order to warrant a conviction, still the proof need not be the direct evidence of persons who saw the offense committed. The acts constituting the crime may be proved by circumstantial evidence. By circumstantial evidence is meant, in criminal cases, the proof of such facts and circumstances connected with or surrounding the commission of the crime charged as tend to show the guilt or innocence of the party charged. The rule of law is that, to warrant a conviction on a criminal charge upon circumstantial evidence alone, the circumstances should be such as to produce nearly the same degree of certainty as that which arises from direct testimony, and sufficient to exclude all reasonable doubt of the party's guilt. The circumstances ought to be of such a nature as not to be reasonably accounted for upon the supposition of the prisoner's innocence, but be perfectly reconcilable with the supposition of his guilt." The appellant objects to the word "nearly," as used in this instruction. The District Court had support for

this instruction in the case of *People* v. *Cronin*, 34 Cal. 191; and *People* v. *Padillia*, 42 Cal. 535; and also the approval of Sackett's Instructions to Juries. But, as observed in 2 Thompson on Trials, §§ 2502, 2503, the California Supreme Court has deserted this proposition, although it is retained by the Supreme Court of Nevada; citing *State* v. *Nelson*, 11 Nev. 334; *State* v. *Jones*, 19 Nev. 365; *People* v. *Brown*, 59 Cal. 345; *People* v. *Carrillo*, 70 Cal. 643; *People* v. *Kerrick*, 52 Cal. 446.

We have not found other authority approving the use of the word "nearly," as employed by the District Court in this case. An instructive collection of cases is found in the note to *Rippey* v. *Miller*, 62 Am. Dec. 179. Chief Justice Shaw in the *Webster Case*, 5 Cush. 311, in speaking of direct testimony and circumstantial evidence, says that "each of these modes of proof has its advantages and disadvantages, and it is not easy to compare their relative value."

As we understand the rule of evidence in a criminal case, it is simply that the jury must be satisfied from the evidence of defendant's guilt beyond a reasonable doubt. If the evidence is what is called "direct evidence," the jury must be satisfied beyond a reasonable doubt. May the jury convict if there is evidence producing nearly that degree of certainty? Certainly not. It has never been so held. Now, as to circumstantial evidence, it has, as Chief Justice Shaw says, its advantages and disadvantages. It is sometimes highly satisfactory evidence of guilt. But it is not to be held that circumstantial evidence is sufficient, any more than direct evidence is sufficient, if it produces only "nearly" the degree of certainty which the criminal law says is required for a conviction.

We are of opinion that this instruction is not supported by the weight of authority, and that it is not the correct presentation to a jury of the law of circumstantial evidence. For this reason the judgment must be reversed, and the case remanded for a new trial; and it is so ordered.

*Reversed.*

BLAKE, C. J, and HARWOOD, J., concur.