[No. 3712.   Decided October 11, 1901.]

MAGGIE FRENCH, *Respondent,* v. SEATTLE TRACTION COMPANY, *Appellant.*

EVIDENCE — IMPEACHING TESTIMONY — ADMISSIBILITY IN REBUTTAL.

Although declarations made by an agent several weeks after an accident would be inadmissible for the purpose of establishing the principal's liability, yet evidence thereof in rebuttal is admissible for the purpose of impeaching the agent's testimony by showing that he had made statements out of court contradicting those made by him while on the witness stand.

SAME — HEARSAY — KNOWLEDGE OF EARNING CAPACITY.

Where a witness testifies, in an action to recover for personal injuries, that she knows of her own knowledge the earning

capacity of plaintiff, and states what it is, such knowledge will
not be presumed as acquired by hearsay, as against her positive
statement, merely because she does not detail the sources from
which her knowledge is derived.

TRIAL — INSTRUCTIONS — COMMENT ON EVIDENCE.

Where references to the evidence, made by the court in its
charge to the jury, do not amount to an explanation or criti-
cism of the evidence, nor assume that a particular fact is proven
thereby, such comment is not in violation of § 16, art. 4, of the
constitution, which prohibits judges from commenting on the
evidence.

SAME — REFUSAL OF REQUESTED INSTRUCTIONS.

The refusal of the court to give a requested instruction is
not error, where all that is material in the requested instruction
is given by the court in its own language.

Appeal from Superior Court, King County.—Hon.
ORANGE JACOBS, Judge. Affirmed.

*Burke, Shepard & McGilvra,* for appellant.

*Brady & Gay,* for respondent.

The opinion of the court was delivered by

FULLERTON, J.—The respondent recovered a judgment
against the appellant for personal injuries received while
alighting from a street car owned and operated by the
appellant. It is assigned that the trial court erred: (1)
In admitting the testimony of a witness for the plaintiff,
on rebuttal, as to admissions made by the conductor of the
defendant's car, about a month after the accident, to the
effect that the plaintiff had signaled to him to stop the
car, and that he had stopped it for her; (2) in admitting
the testimony of a witness for the plaintiff as to the plain-
tiff's earning capacity prior to the accident; (3) in com-
menting upon facts in evidence in the case, in the court's
modifications of, or additions to, the first instruction re-
quested by the defendant; (4) in refusing to give to the

jury as a part of the court's charge, the seventh instruction requested by the defendant. These assignments of error we will notice in order.

1. While detailing the circumstances leading up to the time she received the injury on her examination in chief, the respondent testified that she entered the appellant's car at the corner of Belle street and First avenue, in the city of Seattle, and rode from thence in the direction of Madison street, where she intended to alight; that shortly before reaching Madison street she signaled to the conductor, by nodding her head, that she wished to get off at that place, and received an answering signal in return; that the car was stopped at Madison street, whereupon she started to get off, when the car was started suddenly, throwing her to the ground, causing the injuries complained of. On being cross-examined she reiterated her statement that she had signaled the conductor that she wished to alight, and had received an answering signal in return, prior to the time the car reached Madison street, and in the same connection said that the conductor, some three weeks after the accident, in the presence of her two daughters, told her that he had "stopped for her to get off." The conductor was examined for the appellant. In his testimony in chief he testified that all cars are required by the rules of the company to stop at Madison street; that the car on which the respondent was riding was stopped there because of the requirement, and not because of any signal made by respondent; that he saw no such signal, nor did he have any knowledge that the respondent wished to get off at that place; and that he did not make the statement to the contrary effect as testified to by the respondent. On cross-examination his attention was called to the particular circumstances of this conversation, and

he was asked directly if he had not stated at that time that he noticed the signal, and had stopped the car for the respondent to get off; to which he answered in the negative. The daughter of the respondent was called in rebuttal, and permitted, over the objection of the appellant, to testify that the witness had in that conversation stated in substance the matter imputed to him in the questions put to him on his cross-examination.

It is said that these statements of the conductor are inadmissible, because, being in the nature of admissions against interest, they are too remote, under the rule that declarations and admissions of a party's agent, not made at the time of the occurrence, cannot be received as evidence to aid in establishing liability; and, further, that if they were admissible at all, they were a part of the respondent's case in chief, and cannot be introduced in rebuttal. It may be conceded, we think, that these statements were too remote to form a part of the *res gestae,* and consequently too remote to be admitted as declarations against interest; also that for this purpose it was a part of the respondent's case in chief. But this was not the purpose for which the rebuttal evidence was offered. It was offered for the purpose of impeaching the conductor by showing that he had made statements out of court contradicting those made by him while on the witness stand. For this purpose it was clearly admissible. Whether the respondent signaled to the conductor that she desired to alight at the place where the injury occurred, or whether the conductor knew of the fact from other circumstances, was material on the question of the negligence of appellant, and the conductor's statements to the effect that she did not signal, and that he did not know she intended to alight, were subject to be impeached by showing that he had

made contradictory statements at another time and place. Nor does the fact that the respondent testified to the statement in her cross-examination while on the witness stand at the opening of her case change the rule. Conceding her testimony on the matter to be voluntary,—a fact not disclosed by the record,—it was not, for that reason, made a part of her case in chief. It was nothing more than receiving evidence out of its order, and should not be held to deprive her of the benefit of cumulative evidence offered at the proper time.

2.    A daughter of the respondent was asked, and permitted to answer over the appellant's objection, the following questions:

"Q. Do you know of your own knowledge about what your mother's earning capacity was before she was injured? A. Yes. Q. She is in the millinery business, is she? A. Yes, sir. Q. Now, tell the jury what was her earning capacity before the injury. A. Why, to my knowledge she could earn on an average about fifty dollars a month."

There was no cross-examination on this subject. It is urged that this was hearsay testimony; that the daughter was not shown to have kept the accounts of her mother's business, or to have been otherwise associated with her mother in the conduct of it, and her knowledge must have been derived at second hand. But we think the evidence admissible. If she knew of her own knowledge what her mother's earning capacity was, she was competent to testify to the fact. Because the witness did not detail the sources from which her knowledge was derived, it is not to be presumed, as against her positive statement to the contrary, that her knowledge was hearsay, nor is it presumed that she testified falsely.

3.    The court gave to the jury, among others, the following instructions:

"If the jury find from the fair preponderance of the evidence that the plaintiff undertook to leave the defendant's car at the time of the accident in question, without having signified to the conductor or to the motorman that she desired to leave it, and that the conductor and motorman had no reason to suppose and did not suppose that she desired to leave it, and if the jury also find that such act on her part under such circumstances involved a want of ordinary care on her part and contributed materially and proximately toward causing the accident, then the verdict of the jury should be in favor of the defendant.

"You as men of experience know that these signals are sometimes given with a look, with a nod, with the voice; any way that is known and recognized can be counted as a signal.

"You will consider this instruction with reference to what I have heretofore said to you about the duty of the conductor, the duty that the law imposes on him, the high degree of care it requires. You may consider it also in connection with the testimony as to the number of persons there was, if any, aboard that car."

It is objected that the concluding sentence of this instruction is a comment upon the facts in evidence, and therefore erroneous, because in violation of § 16, art. 4, of the state constitution. What statements of the judge, in his charge to the jury, with reference to the evidence, will, and what will not, amount to a comment upon the facts within the meaning of the constitutional inhibition, are questions not always easy of solution; but it cannot be meant by this clause of the constitution that the court shall not refer to the evidence at all. Necessarily, his charge must be based upon the evidence, and he must "declare the law" applicable to that state of facts which the evidence of either party tends to establish. In order to do this, the judge must refer to the evidence in some manner. We have said he may make such references

hypothetically; that is, he may state to the jury, "If you find from the evidence that such a state of facts exist, the law is as follows," etc., although he may not state or assume in his charge that any particular fact is conclusively proven. *Bardwell v. Ziegler,* 3 Wash. 34 (28 Pac. 360); *State v. Walters,* 7 Wash. 246 (34 Pac. 938.) If the judge may, in his charge to the jury, refer to the evidence thus indirectly, there would seem to be no very good reason why he may not do so directly; and we think, so long as the reference made does not amount to an explanation or criticism of the evidence, or assert or assume that a particular fact is proven thereby, it matters little what form the reference takes. It is needless to add that nothing of this kind appears from the reference complained of made to the evidence in the case before us.

4. The seventh requested instruction, the refusal to give which constitutes the fourth error assigned, was as follows:

"The defendant in this action, if liable to the plaintiff at all for the injuries mentioned in the complaint, is liable by reason of some negligence or carelessness of one or both of its servants, namely, its motorman and conductor, who were in charge of the running and conducting of the defendant's car from which the plaintiff was alighting when she received her injuries. That is to say, if anybody is liable to the plaintiff for such injuries, the motorman or the conductor of the car, or both of them, are primarily liable, and the defendant in this action is liable only by reason of facts which create such primary liability, if any, of the motorman or the conductor or both of them; and if the motorman and the conductor were free from negligence and carelessness causing the plaintiff's injury, or if, accompanying such negligence or carelessness on the part of them or one of them, there was such a want of ordinary care on the part of the plaintiff as contributed materially and proximately toward causing the accident, then

the plaintiff would not have a right to recover damages in an action against the conductor or motorman or both of them if she had brought such an action, and in that case the plaintiff cannot recover damages from the defendant in this action."

When considered with the charge as given by the court, we find no error in the refusal to give this requested instruction. The court clearly and distinctly stated to the jury what facts were necessary to be found by them in order to establish a liability against the appellant. He also clearly defined contributory negligence. And while he did not in terms say that the evidence, to bind the company, must be such as would warrant a recovery against the parties or party directly guilty of the negligence, if any was found, he did say that the jury were not to decide the controversy "on any principle that one of the parties is a corporation and the other is a natural person," nor "from any consideration of the consequences which your verdict may have on any one of the parties connected with this case." All that is material in the requested instruction was, therefore, given in the charge of the court, and it is not error for a judge to instruct in his own language instead of language suggested by counsel.

The judgment is affirmed.

REAVIS, C. J., and DUNBAR and ANDERS, JJ., concur.