[No. 12615.   Department Two.   November 12, 1915.]

ALEXANDER FARRARIS, *Respondent*, v. SLADE LUMBER

COMPANY, *Appellant*.[1]

APPEAL—REVIEW—VERDICT.   Where there was evidence on every material question to sustain a verdict, error cannot be predicated upon the denial of a nonsuit, or a judgment *non obstante*, or a motion for new trial.

TRIAL—INSTRUCTIONS—COMMENT ON FACTS.   In instructions stating the issues, it is not an invasion of the province of the jury as determining the issue, nor an unlawful comment on the evidence, for the trial judge to state that the plaintiff had given some evidence tending to show a contract to the effect claimed by him, where that was the principal issue in the case; since the court must necessarily determine whether there was any evidence thereof to submit to the jury.

Appeal from a judgment of the superior court for Chehalis county, Sheeks, J., entered September 24, 1914, upon the verdict of a jury rendered in favor of the plaintiff, in an action on contract.   Affirmed.

*Bridges & Bruener*, for appellant.

*A. Emerson Cross*, for respondent.

FULLERTON, J.—This action was instituted by the respondent against the appellant to recover for personal services rendered by the respondent to the appellant in the repair of a shingle mill belonging to the appellant, and for money advanced to the appellant's use.   The cause was tried to a jury, which returned a verdict in favor of the respondent in the sum of $572.50 for the services rendered, and for the sum of $133.65 for money paid to the appellant's use.   On motion of the appellant, the trial court set aside the verdict as to the last mentioned sum, but allowed it to stand as to the former.   Judgment was entered on the verdict as modified, and this appeal is prosecuted therefrom.

[1]Reported in 152 Pac. 680.

At appropriate times during the progress of the trial, the appellant moved for a nonsuit, for a directed verdict, and for judgment notwithstanding the verdict, each of said motions being based on the ground of insufficiency of the evidence to justify a recovery on behalf of the respondent. The overruling of these motions constitute the basis of the first of the assignments of error relied upon by the appellant for reversal. But without reviewing the evidence in detail, we feel constrained to hold that there was sufficient evidence to take the case to the jury. Clearly there was evidence on every material question necessary to sustain a recovery, and this is as far as we are permitted to inquire in an action at law tried by a jury. The trial court is permitted to set aside a verdict and direct a new trial when he is satisfied that the jury has found against the preponderance of the evidence; but, as we have often said, this is not a prerogative of the appellate court. In such a case, it reviews for error of law only, and it does not constitute error in law for a jury to find against what the appellate court may conceive to be the weight of the evidence.

In its charge to the jury, when stating the issues, the trial court used this language:

"Ladies and gentlemen of the jury, in this case the complaint alleges something about a contract or an agreement had at one time for a lease to be made by the defendant to the plaintiff for this mill and there has been considerable testimony concerning a lease or talk about a lease but you will understand this is not an action brought by the plaintiff to recover damages for refusal to give any lease. That matter is not for your consideration at all. The complaint alleges that afterwards there was a different agreement made by reason of which he claims he was entitled to pay for services rendered in the first instance before the mill was put into operation, that is, during the construction and sometime up to about the 8th of September, 1913. He alleges he performed the work and that it was reasonably worth ten dollars a day and claims for that. The defendant denies that it owes him anything for that and alleges that it paid him

$2.50 per day in full for the work he performed during that period. In his reply the plaintiff alleges that that wasn't wages that was paid him but expense money and insists that under the contract he is entitled still to his wages and gave some evidence tending to show a contract to that effect."

The concluding clause of the last sentence is assigned as error for the reason "that it is a question of fact for the jury to decide whether there was any evidence in the record to show a contract of the character referred, and the court should not have told the jury that the respondent gave evidence tending to prove a contract of that character." The appellant makes no further comment upon the assignment, and we are not certain that we have caught its precise meaning. If it is meant to be asserted that it is a question of fact for the jury and not of law for the court whether there is in the record any evidence tending to prove a particular fact, we cannot agree with the assertion, for surely whether or not there is such evidence is a question of law, the jury being concerned only with its weight and sufficiency.

If it is meant to be asserted that the statement was a comment on the facts of the case, and thus in violation of that provision of the constitution providing that judges shall not charge juries with respect to matters of fact, nor comment thereon, but shall declare the law, we think it equally without merit. The question whether there was an express contract by which the appellant was to be paid for his services in repairing the mill was the principal issue in the case. Without proof of such contract the respondent could not recover in this form of action for his services at all. The court therefore determined, and necessarily determined, that there was some evidence tending "to show a contract to that effect," when he submitted the issue to the jury. To say in words what he must necessarily impliedly say cannot be a comment within the meaning of the constitution. Furthermore, references to the evidence made by the judge in his charge to the jury which do not amount to an explanation or criticism

of the evidence, nor assume or assert that a particular fact is proven thereby, do not constitute a comment on the evidence. *Drumheller v. American Surety Co.*, 30 Wash. 530, 71 Pac. 25.

The judgment is affirmed.

MORRIS, C. J., MAIN, and ELLIS, JJ., concur.