[No. 16697. Department Two. January 12, 1922.]

L. N. GOBEL, *Respondent*, v. M. FINKELBERG *et al.,*
*Appellants.*[1]

TRIAL (69) — INSTRUCTIONS—PROVINCE OF JURY—ASSUMPTION BY
JUDGE AS TO FACTS. In an action for negligence, in which one of
the principal issues is whether there had been a collision between
the automobiles of plaintiff and defendant, the assumption by the
court in its instructions to the jury that there had been a collision
constitutes prejudicial error.

Appeal from a judgment of the superior court for
King county, Frater, J., entered April 20, 1921, upon
the verdict of a jury rendered in favor of the plaintiff,
in an action for damages sustained in an automobile
collision. Reversed.

*Reynolds, Ballinger & Hutson,* for appellants.
*J. P. Wall,* for respondent.

MAIN, J.—The purpose of this action was to recover
for personal injuries and damages to an automobile.
The cause was tried to the court and a jury, and re-
sulted in a verdict in the sum of $5,312.23. A motion
for new trial was made and, upon the hearing thereof,
the court required the plaintiff to elect to omit from
the verdict the sum of $1,500; the motion otherwise
would be granted. An election was made and judg-
ment was entered for the sum of $3,812.25. From this
judgment, the defendants appeal.

On the 23d day of May, 1920, respondent was driv-
ing his Ford automobile on the Pacific Highway, going
northerly, between Silver lake and the city of Everett,
in Snohomish county. The appellant M. Finkelberg
was proceeding in the same direction, the respondent's
car being in front. Respondent was traveling at a

[1]Reported in 203 Pac. 65.

speed of about twenty or twenty-five miles an hour, and appellant at about thirty miles per hour. The appellant speeded up and passed the car driven by the respondent. At this time the respondent's car went into a ditch at the side of the road and was somewhat damaged, and the respondent claims to have suffered personal injuries at the same time. The theory of the complaint is that, in passing, the car driven by the appellant struck the left front of the car driven by the respondent and caused it to leave the road and go into the ditch. The answer denies that there was any collision between the cars, and alleges affirmatively contributory negligence. It thus appears that one of the material issues in the case was whether the car driven by the appellant had struck or collided with that driven by the respondent.

One of the errors assigned relates to the instructions given, and complains that, in the instructions, there is an assumption of a question of fact which was the province of the jury to determine. The court, after defining negligence, told the jury that if, applying that definition, they should find the appellant, in the operation of his automobile, was not guilty of negligence in the manner as alleged in the complaint,—"which caused the collision whereby plaintiff sustained damage described in plaintiff's complaint, then your verdict should be for defendant." The clause in the instruction complained of was that which assumed that there had been a collision. The court instructed the jury on contributory negligence, and in concluding that instruction told them that, if such negligence contributed to the "collision whereby plaintiff's automobile was damaged," there could be no recovery. In another instruction the jury were told that, if the respondent's own negligence "contributed to the collision

whereby he sustained his alleged injuries, he could not recover," although the jury might believe that the appellant was also guilty of negligence. The expression, "collision whereby plaintiff sustained the damage described in the plaintiff's complaint", appears substantially in the same form in two other places in the instructions. The conclusion cannot be escaped that, in making use of this expression, there was an assumption that there had been a collision, which was one of the principal issues in the case. The respondent, in the complaint, alleged that the appellant negligently drove his car into that of the respondent, striking respondent's car on the left front. This allegation is denied by the answer. Upon the trial, the plaintiff's witnesses testified that there had been a collision, in that the appellant's car struck the car of the respondent and caused it to go into the ditch. The witnesses for the appellant testifying upon this issue stated that there was no collision, and that in passing there was a space between the two cars of· five or six feet. Clearly, one of the issues which the respondent was required to establish in order to sustain his right of recovery was that there was a colliding of the cars, or the striking of the respondent's car by that of the appellant. The complaint is drawn upon that theory, and the cause was directed upon the same theory.

It has been held by this court a number of times that where, in the instructions submitting a cause to the jury, there is an assumption of a material fact which the jury has a right to pass upon, this will constitute error. *State v. Walters,* 7 Wash. 246, 34 Pac. 938, 1098; *French v. Seattle Traction Co.,* 26 Wash. 264, 66 Pac. 404; *State v. Dale,* 110 Wash. 181, 188 Pac. 473. It is argued by the respondent that the instructions were not prejudicial because in all of those where the

expression referred to occurs there is a conclusion that, if the facts stated in the instruction are found by the jury to be true, there can be no recovery, but we think this does not cure the error. The inference which the jury would draw from the instructions was that there had been a collision, and, as stated, this was one of the issues upon which the evidence was in dispute. It may be that the trial court inadvertently used the form of expression involved, but even though this may be, it would have the same effect as though the instructions had been deliberately framed embodying this expression. The case of the *State v. Manderville,* 37 Wash. 365, 79 Pac. 977, is not out of harmony with those above cited. In that case, in the instruction, there was an assumption of conceded facts which had been testified to. But assuming a conceded fact is different materially from assuming a controverted fact. The other errors assigned relate to matters which were incidental to the particular trial and are not likely to occur upon another trial of the action, and therefore it is unnecessary here to discuss them.

The judgment will be reversed, and the cause remanded with directions to the superior court to grant a new trial. Reversed.

PARKER, C. J., HOLCOMB, MACKINTOSH, and HOVEY, JJ., concur.