[No. 18151. *En Banc.* October 1, 1924.]

THE STATE, OF WASHINGTON, *Respondent*, v. JOE DUKICH, *Appellant.*[1]

INTOXICATING LIQUORS (50) — OFFENSES — JOINTIST — EVIDENCE — SUFFICIENCY. A conviction of being a jointist is sustained by the evidence of three paid investigators that they purchased a bottle of moonshine whiskey from the plaintiff at his soft drink establishment, and saw him sell in whiskey glasses over the bar to others drinks of liquor which looked like moonshine whiskey.

EVIDENCE (184)—OPINION EVIDENCE—MATTERS OF OPINION OR FACTS. Upon a prosecution for being a jointist, it is not reversible error to allow a witness, who had testified that he purchased moonshine whiskey of the plaintiff at his place of business, to testify that he saw him sell to others two drinks of liquor which "seemed" to the witness to be moonshine "because it was white just the same as this."

CRIMINAL LAW (255) — TRIAL — INSTRUCTIONS — COMMENT ON FACTS. In a criminal prosecution, an instruction stating that "evidence has been admitted tending to show" the purchase of intoxicating liquor, is not unlawful comment on the evidence, where the reference did not amount to an explanation or criticism of the evidence or assume that the fact was proven.

SAME (255). Such a reference to the evidence is not objectionable in that it singles out and emphasizes it, where it was necessary to call attention to the evidence.

SAME (255, 265) — TRIAL— INSTRUCTIONS — COMMENT — WEIGHT AND EFFECT OF EVIDENCE. In a liquor prosecution it is not error to instruct the jury that the officers of the law had the right to employ others to help them enforce the law, and that such persons

[1]Reported in 228 Pac. 1019.

would not be permitted to entrap another into the violation of law against his will; but it is objectionable to give the jury the court's impression that the accused sold the liquor, by instructing that it was for the jury to determine whether the accused exercised his own volition independently of outside control.

SAME (288)—TRIAL — INSTRUCTIONS — CIRCUMSTANTIAL EVIDENCE. In an instruction on circumstantial evidence, it is error to instruct that the degree of certainty therefrom "must almost be equal to that of direct testimony" (FULLERTON, PARKER, and PEMBERTON, JJ., dissent).

Appeal from a judgment of the superior court for Spokane county, Lindsley, J., entered March 10, 1923, upon a trial and conviction of being a jointist. Reversed.

*E. W. Robertson* and *Chas. W. Gillespie,* for appellant.

*Chas. H. Leavy* and *Louis F. Bunge,* for respondent.

BRIDGES, J.—The defendant was found guilty of being a jointist and appeals from a judgment of sentence.

His first claim of error is that the evidence is insufficient to support the verdict. The state's case rested almost entirely on the testimony of three detectives or investigators, who were employed by the county to procure evidence of the violation of the prohibition law. The jury was entitled to believe from their testimony that, at the time charged in the information, the appellant was the proprietor of, and personally conducted, a place in the city of Spokane having the outward appearance of being one for the sale of soft drinks, cigars, tobacco and confectionery.

Early in the evening of the day in question, the three investigators visited appellant's place of business. One of them approached the bar and inquired of appellant if he could get a bottle of gin. He was

informed that he could, but that it would take a little time. The investigators then advised him they would return a little later. When they returned the appellant informed them that the gin had not yet been procured but that he would get it. He then sent a man out of his place of business apparently for the purpose of obtaining it. In a few minutes that man returned without it, and appellant told the investigators that he would have to go and get it himself. Thereupon he left his place of business, but soon returned and informed the investigators that he could not get the gin for them. One of them asked if they could buy a bottle of moonshine. To this appellant assented. He then spoke to the man who had first tried to get the gin and he went to the back part of the room, reached in between some bundles on a shelf and took out a pint bottle of moonshine and gave it to one of the investigators, who handed appellant a twenty-dollar bill in payment and received seventeen dollars in change. The bottle contained moonshine whiskey, light in color. One of the investigators, when a witness, testified that the appellant had charge of the place and was waiting on people.

"Q. Did you see him serve anyone with drinks in there? A. I did. Q. Go ahead and tell the jury what you noticed appellant do. A. The second time when we come in there and were waiting for that bottle of gin, two men came in there that wasn't known to me and went right up to the bar and defendant served them two drinks. It seemed to me it was moonshine because it was white just the same as this. Q. What kind of a glass was this particular drink that you have just referred to that was served by this defendant to these two men, served in? A. It was small glasses known as whiskey glasses."

The appellant's attorney then said to the court: "I move to strike out the conclusion of the witness vol-

unteered there, that it seems to him like moonshine, and ask your honor to instruct the jury to disregard it.'' The motion was denied.

We have no doubt that the showing made by the state was sufficient to require the case to be submitted to the jury and to authorize it to return a verdict of guilty.

The next assignment of error is based on that portion of the testimony which we have quoted wherein the state's witness, speaking of the drinks served to the strangers, said ''it seemed to me it was moonshine because it was white, just the same as this.'' It is argued that the witness was giving his opinion rather than stating a fact. The testimony shows that the witness did not taste or smell the liquid and was several feet from the person who drank it. Manifestly, all he intended to testify to, and all the jury could have understood him to mean, was that it had the color of, or looked like moonshine. He did not pretend to testify as an expert, nor even to assert that the liquor was moonshine. The general rule is that a witness must testify to facts and not give opinions, and we feel certain that this injunction of the law was not violated in this instance. Appellant cites and quotes from a number of cases, some being from this court, in support of his contention, but they are all based on the idea that the testimony under consideration was opinion evidence rather than a statement of fact.

It is strenuously argued that instruction number three was erroneous in several particulars. It reads as follows:

''Evidence has been admitted in this case tending to show that a purchase of intoxicating liquor was made at the Marga Bar at the corner of Main avenue and Brown street in the city of Spokane on August

24, 1922, by the witness testifying for the state, and that the defendant here received the purchase price therefor. But this evidence, if you believe it, is not to be considered by you as tending to show a different offense than that charged in the information. The only purpose for which you are to consider this evidence is to aid you in determining whether or not on or about August 24, 1922, that being the date relied upon by the state in this case, the defendant here did conduct or maintain the said premises, to-wit: the Marga Bar at the corner of Main avenue and Brown street in the city of Spokane, Washington, as a place for the purpose of the unlawful sale of intoxicating liquor."

It is claimed that the expression "evidence has been admitted in this case tending to show" that a purchase of intoxicating liquor was made at the Marga Bar, is a violation of § 16, Art. 4, of our constitution, which forbids the trial court to comment on the facts. In *French v. Seattle Traction Co.,* 26 Wash. 264, 66 Pac. 404, we said:

"If the judge may, in his charge to the jury, refer to the evidence thus indirectly, there would seem to be no very good reason why he may not do so directly; and we think, so long as the reference made does not amount to an explanation or criticism of the evidence, or assert or assume that a particular fact is proven thereby, it matters little what form the reference takes."

Measured by that rule, which we think perfectly sound, the instruction did not amount to a comment on the facts. Almost this identical question arose in the case of *Binnian v. Jennings,* 14 Wash. 677, 45 Pac. 302, where we said:

"It is alleged that the court erred in instructing the jury *that there was evidence tending to show* that the appellant extended the time of payment of the note in consideration of the payment of interest in advance from month to month as being in violation of the con-

stitution of the state in that it commented on the facts."

We held that this was not a comment on the facts. Again, in *Farraris v. Slade Lumber Co.*, 88 Wash. 106, 152 Pac. 680, it is shown that the court, in concluding an instruction to the jury, said that the plaintiff "gave some evidence tending to show a contract to that effect." We held that the instruction was not in violation of the constitutional provision. Many other courts have held that instructions to the effect that "the plaintiff's testimony tends to show" certain facts is not a comment on the facts. *Smithson v. Southern Pac. Co.*, 37 Ore. 74, 60 Pac. 907; *Morris v. Lachman*, 68 Cal. 109; *Atlantic Coast Line R. Co. v. Jones*, 132 Ga. 189, 63 S. E. 834; *Carmody v. Boston Gas Light Co.*, 162 Mass. 539, 39 N. E. 184; *Campau v. Langley*, 39 Mich. 451; *Lewis v. Norfolk & W. R. Co.*, 132 N. C. 382, 43 S. E. 919.

The appellant cites several cases which he claims lay down a contrary rule. We will not review them; they are based on facts materially different from those here and are not in point.

It is further claimed by the appellant that this instruction singles out evidence introduced by the state and emphasizes it. The argument is not at all convincing. The court was properly desirous of instructing the jury that the testimony tending to show a sale of intoxicating liquor other than that mentioned in the information was admitted only for the purpose of assisting the jury in determining whether the appellant was guilty of conducting a joint, and that such testimony could not be considered as tending to show the commission of some other crime. In order to so instruct the jury it was necessary that the court should call to its attention the testimony which had been re-

ceived and which tended to show another offense. While the state's testimony in this regard was singled out, it was not emphasized, and it seems impossible that the jury could have been misled.

Serious complaint is made of instruction No. 4, which reads as follows:

"It is not unlawful for the officers of the law to employ and use others to investigate or aid in the investigation of suspected offenses against the laws of this state, but it is not proper even during an investigation to entice or persuade anyone contrary to his own will or inclination to violate the laws of this state, and you will consider in connection with the testimony in this case relating to the alleged purchase of intoxicating liquor from the defendant here, whether under the circumstances and conditions related before you the defendant here exercised his own volition independently of outside control, and all of such testimony, if any, is only to be considered by you to aid in determining whether or not the defendant did, at the time and place charged in the information, conduct and maintain a place for the unlawful sale of intoxicating liquor."

For the most part, this instruction properly stated the law and was intended to be for the benefit of the appellant. It certainly could not be error for the court to tell the jury that officers of the law had a right to employ others to help them enforce the criminal statutes, and we have so held in *State v. Smith,* 127 Wash. 588, 221 Pac. 603, and it certainly could not prejudice the appellant when the court told the jury that such persons would not be permitted to entrap another into the violation of a law against his will. While the body of this instruction is entirely proper, we think the court came dangerously near commenting on the facts when, after telling the jury that investigators will not be permitted to entice others to commit a crime, he

said, "You will consider . . . whether under the circumstances and conditions related before you the defendant here exercised his own volition independently of outside control . . ." This comes very near giving the jury to understand that the court is of the impression that the appellant sold intoxicating liquor to the investigators, but that it was for the jury to determine whether in so doing he acted voluntarily or had been entrapped. Inasmuch as the case must be reversed on a point hereafter to be discussed, we advise that, if the body of instruction No. 4 be given at another trial, this objectionable sentence be eliminated.

Appellant further contends that instruction No. 5 was erroneous, at least in part. By it the court sought to define circumstantial evidence and to inform the jury that it is legal and competent. The instruction proceeds:

"When a conviction is sought on circumstantial evidence alone it must not only be shown by evidence beyond a reasonable doubt that the facts are true, but they must be such as are absolutely opposed upon any reasonable grounds, with the innocence of the accused, and incapable of explanation on any reasonable hypothesis other than the guilt of the accused. *The degree of certainty must almost be equal to that of direct testimony* and if there is one single fact which is inconsistent with the defendant's guilt, that is sufficient to raise a reasonable doubt, and the jury should acquit the defendant. In order to justify the inference of legal guilt from circumstantial evidence the proof must be absolutely incompatible with the inno cence of the accused and incapable of explanation upon any other reasonable hypothesis than that of guilt."

If the court had eliminated from the instruction that portion we have italicized, it would doubtless have

been without substantial error, but it seems to us that it was clearly error for the court to tell the jury that the degree of certainty brought about by circumstantial evidence "must almost be equal to that of direct testimony."

A few cases have held that a clause of this character embodied in an instruction with reference to circumstantial evidence is not error.

In *People v. Cronin,* 34 Cal. 191, the instruction was that "  .   .   .   in order to convict, circumstantial evidence should be such as to produce *nearly* the same degree of certainty as that which arises from direct testimony, and to exclude a rational probability of innocence." The court held that this was not error, saying: "It was but another mode of telling the jury that, although as a general rule, circumstantial evidence, in the nature of things, may not be so entirely satisfactory proof of the fact as the positive testimony of credible eye witnesses, yet they must convict if they were satisfied of the guilt of the defendant to the exclusion of all rational probability."

In *People v. Padillia,* 42 Cal. 535, the court upheld an instruction to the effect that, "circumstantial evidence should be such as to produce *nearly* the same degree of certainty as that which arises from direct testimony." The decision rests entirely upon *People v. Cronin, supra.*

In *People v. Eckman,* 72 Cal. 582, 14 Pac. 359, the same instruction was again upheld upon the authority of *People v. Cronin, supra.* It is manifest, however, from a reading of the opinion in that case, that the court as then constituted would have held the instruction erroneous but for the prior decisions of the court.

Following the California decisions, the supreme court of Nevada held, in *State v. Nelson,* 11 Nev. 334,

and *State v. Jones,* 19 Nev. 365, 11 Pac. 317, that the giving of an instruction like that here complained of was not erroneous.

Mr. Blashfield in his work on Instructions to Juries, commenting on the California cases, *supra,* said:

"The reasoning is not very satisfactory. As guilt must be established beyond a reasonable doubt in all cases,. it would seem that circumstantial evidence should be such as to produce the same degree of certainty as that which arises from direct testimony, or, in other words, the probative force of the two kinds of evidence must be identical." Vol. 1 (2d ed.), p. 885.

In *State v. Dotson,* 26 Mont. 305, 67 Pac. 938, an instruction of the character here involved was condemned. This decision is rested on *State v. Ryan,* 12 Mont. 297, 30 Pac. 78, where the court, discussing this question, said:

"As we understand the rule of evidence in a criminal case, it is simply that the jury must be satisfied from the evidence of defendant's guilt beyond a reasonable doubt. If the evidence is what is called 'direct evidence,' the jury must be satisfied beyond a reasonable doubt. May the jury convict if there is evidence producing *nearly* that degree of certainty? Certainly not.   .   .   .      But it is not to be held that circumstantial evidence is sufficient, any more than direct evidence is sufficient if it produces only 'nearly' the degree of certainty which the criminal law says is required for a conviction."

The argument of the Montana court and of Mr. Blashfield appeal to us as being correct and we prefer to follow them in this instance rather than the California and Nevada decisions.

On account of the error pointed out, the judgment is reversed and the cause remanded for a new trial.

MAIN, C. J., MACKINTOSH, HOLCOMB, and TOLMAN, JJ., concur.

FULLERTON, J. (dissenting)—I am unable to agree with the majority in their conclusion that there is reversible error in the instruction found fatal to the judgment. I am willing to concede that it would have been a more accurate statement of the rule had the court omitted the word "almost" from the sentence the majority in part italicize, but I cannot conceive it to be anything more than an inaccurate statement of a rule, fatal only in the instance that it stood without further explanation. But there was here further explanation. In the concluding part of the very sentence in which the objectionable word is found the jury were told, in substance, that if there was a single fact in the chain of circumstances inconsistent with the defendant's guilt, it was sufficient to raise a reasonable doubt, entitling the defendant to an acquittal, and in both the preceding and subsequent sentences they were told that the evidence must not only show the defendant's guilt beyond a reasonable doubt, but that it must be such as to exclude any other rational hypothesis than that of guilt. Clearly, it seems to me, the jury could not in any way have been misled by the inaccuracy of this particular part of the instruction. However they may have understood its meaning as to the degree of certainty to which circumstantial evidence must generally obtain, they could not have understood, when they considered the instruction as a whole, that it could be of any less degree than sufficient to convince them beyond a reasonable doubt of the defendant's guilt. This, it seems to me, satisfies the law, and I therefore dissent from the conclusion the majority reach.

PARKER and PEMBERTON, JJ., concur with FULLERTON, J.