[No. 18621. Department One. December 18, 1924.]

THE STATE OF WASHINGTON, *Respondent*, v. JOE MOORADIAN, *Appellant*.[1]

CRIMINAL LAW (147, 155-1)—EVIDENCE—OPINION EVIDENCE—MATTERS OF FACT—BODILY CONDITION. In a prosecution for rape, it is not objectionable, as opinion evidence, for non-experts to testify that the prosecutrix, a child, was at a certain time unconscious and was unable to arise from her bed and unable to walk for some days after the assault.

SAME (155-1)—OPINION EVIDENCE—EXPERTS—PHYSICAL CONDITION. In a prosecution for rape, it is competent for a Japanese doctor, who qualified as an expert, to describe the injuries to the child prosecutrix, and give his opinion as to how they were or might have been inflicted.

RAPE (16)—EVIDENCE—ADMISSIBILITY. In a prosecution for rape of a child, the clothing worn by her is admissible in evidence.

CRIMINAL LAW (347)—NEW TRIAL—MISCONDUCT OF JURY. Misconduct of the jurors occurring in the presence of the court, who were sufficiently admonished, is not ground for a new trial, where prejudice does not appear.

SAME (353)—NEW TRIAL—SURPRISE—DILIGENCE. A new trial for surprise is properly denied, when reasonable diligence would have guarded against it.

Appeal from a judgment of the superior court for King county, Ronald, J., entered November 17, 1923, upon a trial and conviction of rape. Affirmed.

*Edgar S. Hadley,* for appellant.

*Malcolm Douglas* and *Allen Peyser,* for respondent.

[1] Reported in 231 Pac. 24.

TOLMAN, J.—Appellant was informed against, tried before a jury, and convicted on the charge of carnally knowing a female child four years of age, and sentenced to the penitentiary for life. From the judgment and sentence, he appeals.

The first two errors assigned are based upon the admission of testimony by witnesses for the state, over objection, (a) that the child was at a certain time unconscious, and so remained for a period; and (b), over like objection, the mother was permitted to testify to the effect that, after the assault, the child was unable to arise from her bed, and that it was four or five days before she was able to walk. This is objected to as opinion evidence without a proper foundation being laid; but we cannot think it comes within that rule. In *Sears v. Seattle Consol. Street R. Co.,* 6 Wash. 227, 33 Pac. 389, 1081, it was said:

"It is a general rule of evidence that witnesses may not give opinions as to matters of fact which the court or jury are ultimately to determine. But this rule is not without exception. And the exception is not confined to the evidence of experts who may give opinions on questions requiring special skill, knowledge or learning, but includes the evidence of common observers who may state the results of their observations in regard to ordinary appearances and conditions of things which cannot be produced to a jury exactly as they were observed by the witness at the time. Non-expert witnesses who have had opportunities to observe, and who have actually observed the demeanor, actions and appearance of a particular individual are competent to express an opinion upon the question whether such person was sane or insane. And every person of ordinary understanding and intelligence is competent to give an opinion as to the identity of persons or things; as to whether another appeared to be sick or suffering from pain; and as to the direction from which a blow was delivered which produced a

wound upon the person of another. *People v. Hopt,* 4 Utah, 247 (9 Pac. Rep. 407)."

This rule has not been departed from, but was, in effect, reaffirmed in *State v. Dukich,* 131 Wash. 50, 228 Pac. 1019.

A like error is assigned respecting the admission of testimony of a Japanese doctor, who described the injuries sustained by the child and gave his opinion as to how they were, or might have been, inflicted. The witness qualified as an expert, and it seems to be the rule that an expert may, after describing the nature of a wound, give such opinion as was here given. *Shaughnessy v. Holt,* 236 Ill. 485, 86 N. E. 256, 21 L. R. A. (N. S.) 826; *Strever v. Woodard,* 160 Iowa 332, 141 N. W. 931, 46 L. R. A. (N. S.) 644; *Jerome v. United R. Co. of St. Louis,* 155 Mo. App. 202, 134 S. W. 107; *Metropolitan Insurance Co. v. Wagner,* 50 Tex. Civ. App. 223, 109 S. W. 1120.

There was no error in admitting in evidence the article of clothing worn by the child. *State v. Cushing,* 14 Wash. 527, 45 Pac. 145, 53 Am. St. 883; *State v. Churchill,* 52 Wash. 210, 100 Pac. 309.

We have carefully considered the matters argued in the assignment of error in denying the motion for a new trial, namely, misconduct of the jury, surprise, and insufficiency of the evidence, and prejudice of the jury. The first occurred in the presence of the court, who admonished the jurors, which he deemed sufficient. The second was not surprise in the legal sense, because reasonable diligence would have guarded against it; and, as we view the record, there was sufficient evidence to take the case to the jury and to justify the verdict. Hence it cannot be held that the verdict was the result of prejudice.

While we realize that mistakes may occur in all human transactions, the mere possibility of a mistaken

conviction here cannot justify our interference. The nature of the charge and the severity of the sentence have caused us to consider the record carefully and weigh the arguments advanced in behalf of the appellant, but the jurors were the sole judges of the facts, and the case having been properly submitted to them, their verdict must stand.

The judgment is affirmed.

MAIN, C. J., MITCHELL, BRIDGES, and PARKER, JJ., concur.