[No. 20453.    Department Two.    July 25, 1927.]

THE STATE OF WASHINGTON, *Respondent*, v. ARTHUR T. ROBERTS, *Appellant*.[1]

[1] CRIMINAL LAW (260, 280)—TRIAL—INSTRUCTIONS—COMMENT ON EVIDENCE—ASSUMPTION OF FACTS—FLIGHT. In an instruction as to the effect of evidence of flight, it is not an unlawful comment on the evidence for the court to say that there was some evidence of defendant's flight, where the jury were expressly told that it was for them to find whether defendants fled from the place.

Appeal from a judgment of the superior court for King county, Moriarty, J., entered March 15, 1926, upon a trial and conviction of burglary.    Affirmed.

*Henry Clay Agnew,* for appellant.

*Ewing D. Colvin* and *Harry A. Rhodes,* for respondent.

ASKREN, J.—The defendant was convicted of the crime of burglary, and upon sentence therefor appeals, urging a single assignment of error.    This error is said to lurk in the following instruction given to the jury:

"Some evidence has been offered in this case of the flight of the defendants immediately or soon after the act alleged as the crime with which the defendants are here charged.    If you find from all the evidence beyond a reasonable doubt that the act alleged as the crime with which the defendants are here charged was in fact committed by the defendants, and you further find that immediately, or soon thereafter, these defendants fled from the place where such act is alleged to have been committed, then the flight of the defendants is a circumstance to be considered by the jury, together with the other evidence in the case.    It is not sufficient in itself to establish the guilt of the defendants, but its

[1]Reported in 258 Pac. 32.

weight as evidence is a matter for the jury to determine in connection with all the other facts in the case.''

[1] Appellant claims that the use of the words ''some evidence has been offered in this case of the flight of the defendants immediately or soon after the act alleged as the crime with which the defendants are here charged,'' amounts to a comment on the evidence forbidden by Art. IV, § 16, of the state Constitution. In this connection is cited *State v. Belknap,* 44 Wash. 605, 87 Pac. 934, where we held that, if the question of flight was a controverted one it would be error for the court to give the following instruction:

''The jury are authorized to consider the flight of defendant after a warrant was issued for his arrest, or after he learned that a prosecution was to be instituted against him, and it is for the jury to say just how much weight, if any, they shall give that fact as an evidence of guilt.''

It will be noticed, however, that the two instructions are dissimilar. In the latter the flight is assumed as a proven fact, while in the instruction complained of in the instant case the court told the jury specifically that it was for them to find whether ''the defendants fled from the place where such act is alleged to have been committed . . . ''

The trial court is not forbidden to make reference to the evidence, but is only forbidden to comment thereon. *French v. Seattle Traction Co.,* 26 Wash. 264, 66 Pac. 404; *Farraris v. Slade Lumber Co.,* 88 Wash. 106, 152 Pac. 680; *State v. Dukich,* 131 Wash. 50, 228 Pac. 1019.

The judgment is affirmed.

MACKINTOSH, C. J., TOLMAN, HOLCOMB, and MAIN, JJ., concur.