[No. 32459. Department One. January 14, 1954.]

LORENE ASHLEY, *a Minor, by her Guardian ad Litem, Barbara Bryson, Respondent and Cross-appellant,* v. L. B. ENSLEY, *Respondent and Cross-appellant,* VICTOR CRESSEY, *Appellant.*[1]

[1] Reported in 265 P. (2d) 829.

*Welts & Welts,* for appellant.

*Ward & Barclay,* for respondent and cross-appellant Ashley.

*Skeel, McKelvy, Henke, Evenson & Uhlmann,* for respondent and cross-appellant Ensley.

MALLERY, J.—This is an action by her guardian *ad litem* for personal injuries to Lorene Ashley, who, at the time in question, was under twelve years of age.

Defendant Victor Cressey was the operator of a strawberry farm. His employee, Evelyn Judd, was hauling about twenty strawberry pickers, four or five of whom were children, home from work in his old school bus, when the injury to Lorene occurred at about six p. m., on July 6, 1950, on the Skagit River Valley highway, about six miles east of Sedro Woolley. The weather was clear and dry. Evelyn Judd stopped the bus three feet over on the right-hand shoulder of the sixteen-foot highway, opposite Lorene's home, and discharged her and her friend. She waited for them to go past the front of the bus on their way across the highway. Lorene's friend looked to the rear, as she reached the far side of the bus, and saw a car approaching. She stepped back in time to save herself.

Lorene testified that she saw defendant Ensley's car coming from behind the bus, weaving like a snake, and was unable to get out of the way. When she was within a foot of the center line, she was struck and suffered grievous injuries.

The highway behind where the bus was stopped, was straight for about four hundred fifty feet to a slight curve, but permitted a good view for a total distance of eight hundred seventy-five feet. Defendant Ensley was traveling fifty miles an hour. He did not blow his horn or apply his brakes until he saw Lorene, and was then unable to avoid striking her.

The jury found for defendant Cressey, and returned a verdict of $27,477.95 for plaintiff against Ensley, the driver of the car.

The trial court granted plaintiff a new trial against defendant Cressey upon the ground that instructions Nos. 14 and 18 were erroneous. They are as follows:

"You are instructed that there could be no legal duty upon the bus driver to warn the Plaintiff minor if the bus driver before the child stepped out of the door of the bus did not know or in the exercise of reasonable and ordinary

care would not have known that the Ensley car was approaching the bus from the rear thereof at a high, dangerous and reckless rate of speed and was approaching the bus without slackening such speed.

"Where there is no breach of legal duty, there is no negligence upon which to base a verdict."

"I instruct you that you cannot return a verdict against the Defendant Cressey if you find that the Ensley car was not driven at a highly dangerous and reckless speed, unslackened in its approach to pass the Cressey bus.

"I further instruct you that you cannot return a verdict against the Defendant Cressey even if the Ensley car was thus approaching the bus, if at the time the Plaintiff minor stepped from the bus, the bus driver did not then know or in the exercise of reasonable and ordinary care would not have known that the car was then approaching at such high, dangerous and reckless rate of speed."

Cressey appeals from the order granting a new trial. He contends that the instructions are correct statements of the law, and are applicable, in this case, because they are couched in the language of the allegations of negligence in the complaint. We do not agree.

The maximum speed limit of fifty miles an hour for the zone in question, is beside the point. Every person must operate his vehicle at a speed reasonable and proper under the existing conditions and circumstances. RCW 46.48.010 [cf. Rem. Supp. 1949, § 6360-64, part]. It was for the jury to say whether a prudent man, in passing a bus discharging passengers under the circumstances confronting defendant Ensley, would have driven at that maximum speed. There is no legal impediment to a man driving *negligently* at ten miles an hour in a fifty-mile zone, where the circumstances require a slower speed. The terms "high, dangerous and reckless rate of speed" are not the sole measure of the duty of care required of a motorist. The instructions are not a correct statement of the law as to a driver's liability.

Instructions to juries must be given in the light of the evidence introduced during the trial. 53 Am. Jur. 455,

§ 579. If the statement of law in the instruction is not sound, using the language of the complaint will not cure the error.

Cressey contends that, in any event, he is entitled to a dismissal, because Lorene was guilty of contributory negligence, as a matter of law. He points out that the day was clear; that visibility was unobstructed; that Lorene knew the road was a heavily traveled arterial highway; that she had ridden over it on the school bus for two years; and that she was acquainted with the traffic hazards on that highway.

In passing, it may be said that riding on a school bus would not train a child to do different than plaintiff did on the occasion of her injury, since motor vehicles are not permitted to pass school busses while unloading.

In *Von Saxe v. Barnett,* 125 Wash. 639, 217 Pac. 62, it was said:

"We have several times held, in cases involving children of from seven to fourteen years, that the question of the capacity of such child was a question of *fact* and not of law." (Italics ours.)

See, also, *Wickman v. Lundy,* 120 Wash. 69, 206 Pac. 842, and *Burget v. Saginaw Logging Co.,* 198 Wash. 61, 86 P. (2d) 1117.

For cases holding that the contributory negligence of children from nine to thirteen years of age presents a question for the jury, see annotations in 174 A. L. R. 1137, *et seq.* While we have held children younger than plaintiff to be guilty of contributory negligence as a matter of law, this should only be done where the undisputed facts are so clear that reasonable minds cannot differ on the question. We are not prepared to so hold in this case.

Cressey also contends that his duty of care ended when this driver let Lorene out of the bus at a safe place, and that he was, therefore, not guilty of primary negligence. It is true that if Lorene had stayed where she alighted from the bus, she would have been safe, but the bus driver waited for her to pass in front of the bus. This was an implied invitation for her to do so. The bus driver had an opportunity of seeing the highway to the rear of the bus for eight

hundred seventy-five feet, while Lorene's view was obstructed by the bus until she got past it. Under these circumstances, we think it was for the jury to determine whether or not the bus driver discharged her duty of care to Lorene. *Machenheimer v. Falknor,* 144 Wash. 27, 255 Pac. 1031; *Phillips v. Hardgrove,* 161 Wash. 121, 296 Pac. 559; *Archuleta v. Jacobs,* 43 N. M. 425, 94 P. (2d) 706; *Shannon v. Central-Gaither Union School Dist.,* 133 Cal. App. 124, 23 P. (2d) 769. These cases involve school busses, but Lorene's situation is essentially the same in all respects.

■· Cressey claims the bus driver was unaware of the approach of the car until it struck the child. Her rear view was unobstructed. She cannot be heard to say she did not know of its approach. *Farrow v. Ostrom,* 10 Wn. (2d) 666, 117 P. (2d) 963, and cases cited.

The order granting a new trial is affirmed as to Cressey.

Cross-appellant Ensley appeals from the refusal of the trial court to grant him a dismissal or judgment notwithstanding the verdict. His cross-appeal is predicated upon the proposition that Lorene was guilty of contributory negligence, as a matter of law. We have heretofore disposed of this contention.

■ He also contends that he was not guilty of primary negligence, because there was no evidence that he knew children were being discharged from the bus. He had an unobstructed view of the bus and its situation for eight hundred seventy-five feet ahead. It was his duty to look ahead, and to explain why he did not see the situation if he did not.

We are not prepared to say that one who drives at a speed of fifty miles an hour past a bus discharging children, without sounding his horn or touching his brakes, is not guilty of negligence as a matter of law. The jury had a right to find such to be the facts, and, from their verdict, they are presumed to have done so. Defendant Ensley was not entitled to a dismissal on a directed verdict.

■ Plaintiff has appealed from the order of the trial court granting defendant Ensley a new trial. One of the

reasons of the trial court for so doing was that instructions Nos. 14 and 18, heretofore set out, were erroneous and prejudicial to defendant motorist Ensley. They assume as a fact that defendant Ensley was "approaching the bus from the rear thereof at a high, dangerous and reckless rate of speed and was approaching the bus without slackening such speed." There is a dispute in the testimony on this matter. In 53 Am. Jur. 477, § 605, it is stated:

"The trial court in charging the jury should never, either of its own motion or at the request of either party, give an instruction to the jury which assumes as true the existence or nonexistence of any material fact in issue in respect of which the evidence is conflicting."

The instructions were prejudicial error. See *Gobel v. Finkelberg*, 118 Wash. 301, 203 Pac. 65.

The order is affirmed.

GRADY, C. J., HILL, WEAVER, and OLSON, JJ., concur.

[1]Reported in 265 P. (2d) 821.