[No. 15057.   Department One.   January 9, 1919.]

THE STATE OF WASHINGTON, *Respondent*, v.
JOHN SIEBENBAUM, *Appellant*.[1]

CRIMINAL LAW (255)—INSTRUCTIONS—COMMENTS ON FACTS—CREDIBILITY OF WITNESSES. It is unlawful comment upon the evidence in an action for violation of the state-wide prohibition law, for the court to instruct the jury that the act provides for the activity of citizens other than officers and that it is the duty of any citizen to detect crime, where the only evidence to sustain conviction was that of two detectives who had by deceit and subterfuge induced defendant to violate the law, and the court's purpose clearly was to bolster up the state's witnesses.

Appeal from a judgment of the superior court for Jefferson county, Pemberton, J., entered September 13, 1917, upon a trial and conviction of violating the state prohibition law. Reversed.

*A. R. Coleman,* for appellant.
*Tom W. Holman,* for respondent.

MACKINTOSH, J.—The defendant was convicted of a violation of the state prohibition act, the testimony against him being confined entirely to that of two men who had been employed by the county for the purpose of procuring evidence in this and similar cases.

[1] Reported in 177 Pac. 669.

These witnesses admitted upon the stand that, true to the tradition of their calling, they had operated under assumed names, had, by deceit and subterfuge, attempted to induce the defendant to violate the law, and, after several days of unsuccessful effort, had finally succeeded in persuading him to such a violation. All of the state's evidence having come from such sources, it was apparent that defendant's counsel, in argument to the jury, would refer in rather an uncomplimentary way to the state's witnesses; and the court, as is said in respondent's brief, for the purpose of guarding against the jury's being misled by this false issue, gave the following instruction:

' "You are instructed that chapter 2 of the 1915 session laws of the state of Washington contemplates and provides .for activity by citizens of the state of Washington, independently of the state and county officers, in suppressing illicit sale of intoxicating liquor. It is the right of any citizen of the state of Washington to detect crime and obtain evidence."

This instruction might be proper in certain cases, but in this case, in which the only evidence was that which we have referred to, this instruction could only have been given in reference to . that evidence, and was clearly an attempt to bolster up the state's witnesses and render ineffectual the anticipated argument of counsel upon their credibility. We are confirmed in this opinion by the statement contained in respondent's brief:

"It was not given as respecting the testimony of the state's witnesses—who were in fact hired by the sheriff and paid by the county—but was given to thwart any unfair consideration by the jury of the claims of counsel."

As long as it is necessary to set a thief to catch a thief, witnesses such as those presented in this case

probably fill a place in the world's economy, but when they are placed upon the stand under our constitution prohibiting the comment by the court upon the evidence, the judge is forbidden to give to the jury the cautionary instruction which his natural abhorrence of the class would dictate. *State v. Smith,* 103 Wash. 267, 174 Pac. 9; *State v. Palmer,* 104 Wash. 396, 176 Pac. 547. So, also, must the judge, who is inspired with the spirit of the prosecution, desist from attempting, by using fair words for ugly things, to impress the jury with the advisability of returning what he considers a righteous verdict. The jury is the sole judge of the credibility of the witnesses, and the assistance which it may need in determining that credibility will be amply furnished by counsel. It is true that it is always open season for the bootleggers, and they may be shot from blinds, decoyed by stool pigeons, hunted with hounds, and taken in traps; yet the bag is subject to a fair and impartial examination before a jury, even though thereby it result that an occasional bird may escape.

Judgment reversed.

MAIN, C. J., TOLMAN, CHADWICK, and MITCHELL, JJ., concur.