[No. 18149. Department Two. December 21, 1923.]

THE STATE OF WASHINGTON, *Respondent,* v. J. D. (SLIM) SMITH, *Appellant.*[1]

CRIMINAL LAW (255, 265)—TRIAL—INSTRUCTIONS—COMMENT ON EVIDENCE. It is not unlawful comment on the evidence for the court to instruct the jury that special officers may be employed to obtain evidence of unlawful sales of intoxicating liquors, and that they are not accomplices whose evidence must be corroborated if they purchase the liquor without any unlawful intent to violate the law, but merely to collect evidence.

Appeal from a judgment of the superior court for Walla Walla county, Mills, J., entered August 2, 1923, upon a trial and conviction of the unlawful possession of intoxicating liquor. Affirmed.

*M. A. Stafford* and *T. M. McKinney,* for appellant.

*A. J. Gillis* and *W. G. Coleman,* for respondent.

PEMBERTON, J.—On the 23d day of February, 1923, the appellant was found guilty by a jury of unlawful

[1]Reported in 221 Pac. 603.

possession of intoxicating liquor. After denial of a motion for a new trial judgment was entered, from which this appeal is taken.

It is claimed that the court erred in giving to the jury instructions numbers 5 and 6, as follows:

"It is the right of the state or of the sheriff to employ special officers for the purpose of collecting evidence in such cases as this, as well as in other cases, and it is for you to determine from all of the evidence in the case, including that of the special officers who have testified, whether the defendant is guilty of the crime charged against him; and if, after considering all of the evidence before you, you believe beyond a reasonable doubt that the defendant is guilty of the offense charged against him, it is your duty to so find by your verdict, otherwise it is your duty to find him not guilty."

"Even though you shall find from the evidence in this case that the sheriff's office has employed some of the witnesses who have testified, as special officers, and if you further find that these special officers applied to the defendant to purchase intoxicating liquor and that the intoxicating liquor was sold by the defendant to the special officers without any unlawful intent on the part of the special officers to violate the law, but merely to collect evidence, then such conduct on the part of the special officers would not make them accomplices or parties to the offense, and it is not necessary in such a case that the testimony of these witnesses should be corroborated before the jury could find the defendant guilty of the offense against him, but in this connection you are again instructed that before you can find the defendant guilty of the offense charged against him you must take into consideration all of the evidence in the case, and after a full and fair consideration of all of the evidence must find beyond a reasonable doubt that he is guilty of the offense."

Appellant claims that "taken as a whole these instructions could not do otherwise than give to the jury the impression that the state's witnesses were entitled

to special consideration and amounts to the comment on the evidence prohibited by the constitution," § 16, art. 4, which provides: "Judges shall not charge juries with respect to matters of fact, nor comment thereon, but shall declare the law."

The instructions are given before the argument of counsel, and the trial court understands from the nature of the trial the legal points involved in the controversy and should instruct the jury accordingly. In the absence of such instructions, the attorneys would be in a hopeless legal controversy. Our constitution provides that the court shall declare the law. Const., art. 4, § 16, *supra* (Rem. Comp. Stat., § 339) [P. C. § 8504].

By the nature of the defense, as shown by the cross-examination, the court recognized that the legal status of these special officers was brought into question and instructed the jury upon these legal points in controversy. The instructions properly state the law. They may have been given to prevent counsel for appellant from arguing to the jury that the testimony of the witnesses should not be accepted because they were accomplices and, not being deputy sheriffs, were unauthorized under the law to make such investigations. In view of the fact that one who requests the sale of liquor is to a certain extent involved in the transaction, it was proper for the court to tell the jury that, under certain circumstances, such persons are not accomplices and that it is not necessary for their testimony to be corroborated. The instructions were properly given.

The judgment is affirmed.

MAIN, C. J., MITCHELL, FULLERTON, and BRIDGES, JJ., concur.