[No. 19863. Department Two. July 16, 1926.]

THE STATE OF WASHINGTON, *Respondent*, v. BOB DAHL et al., *Appellants*.[1]

[1] INTOXICATING LIQUORS (31, 50)—OFFENSES—MAINTAINING PLACE FOR UNLAWFUL SALE—INSTRUCTIONS. In a prosecution of jointists, charged as principals, in which the evidence showed that they actually made sales at the place, it is not error to give an instruction to the effect that all persons participating or co-operating in maintaining the place would be guilty of the offense charged; in view of Rem. Comp. Stat., § 1728, defining the offense as maintaining the place either as principal or agent.

[2] CRIMINAL LAW (255, 265)—TRIAL—INSTRUCTIONS—COMMENT ON EVIDENCE. It is not unlawful comment on the evidence for the court to instruct the jury that special officers may be employed to obtain evidence of unlawful sales of intoxicating liquors, and that they are not accomplices whose evidence must be corroborated if they purchase the liquor without any unlawful intent to violate the law, but merely to collect evidence.

Appeal from a judgment of the superior court for King county, Chapman, J., entered June 19, 1925, upon a trial and conviction of being jointists. Affirmed.

Reported in 247 Pac. 1023.

*Adam Beeler,* for appellant.

*Ewing D. Colvin, R. M. Burgunder,* and *Robt. S. Macfarlane,* for respondent.

PARKER, J.—The defendants were, by information filed in the superior court for King county, jointly charged with the offense of being jointists, in that they,

"  .  .  . in the county of King, state of Washington, on or about the 14th day of March, A. D., 1925, wilfully, unlawfully and feloniously did then and there open up, conduct and maintain a place at 1428 6th avenue, in the city of Seattle, said county and state, for the unlawful sale of intoxicating liquor."

They were jointly tried in the superior court for that county and both found guilty by a jury. Final judgments were accordingly rendered against them, from which they have appealed to this court.

The evidence introduced upon the trial was, in substance, that the place was one where intoxicating liquor was being sold at and near the time charged, and that several sales of intoxicating liquor were made there at that time by each of the appellants. The actual proprietorship of the place was not proven, except as such proprietorship might be inferred to be in one or the other, or both, of the appellants, from the fact that sales were then and there made by each of them.

[1] It is contended, in behalf of the appellants, that the trial court erred to their prejudice in instructing the jury as follows:

"If you should find beyond a reasonable doubt that the premises, or a part of the premises, at 1428 6th avenue, in the city of Seattle, King county, Washington, were at the time a place conducted or maintained for the unlawful sale of intoxicating liquor, then all persons engaging, participating or cooperating in the process of conducting or administering the establishment are in law conducting or maintaining the same, regardless of what may be the peculiar relations

they sustain to each other, whether as employer or employe."

The argument seems to be that, since appellants were by the information, in terms, charged as principals in the conduct of the place, it was error for the court to instruct the jury that all persons participating or co-operating in the maintaining of the place must be considered in law as maintaining the place. Since the statute, § 7328, Rem. Comp. Stat. [P. C. § 3179h], provides that "any person who opens up, conducts or maintains, either as principal or agent, any place for the unlawful sale of intoxicating liquor, be and is hereby defined to be a 'jointist'," it seems to us that, when the prosecution proved that both appellants were actually making sales of liquor at the place under such conditions as to warrant the conclusion that the place was being maintained for that purpose, as the evidence fully warranted the jury in believing, the guilt of both appellants as principals in the crime was then fully established. Whether they may be regarded as maintaining the place as proprietors, or as agents for someone else as proprietor, does not become of any consequence, so far as the question of their guilt is concerned; that is, to maintain a place for the unlawful sale of intoxicating liquor, either as principal or agent for another, makes the person maintaining the place in either capacity a principal in the crime of maintaining a place for the unlawful sale of intoxicating liquor. This is, in substance, our view as expressed in our decisions in the following cases: *State v. Pistona,* 127 Wash. 171, 219 Pac. 859; *State v. Perrin,* 127 Wash. 193, 220 Pac. 772; *State v. Proffer,* 127 Wash. 270, 220 Pac. 774; *State v. Anderson,* 132 Wash. 551, 232 Pac. 275.

Counsel for appellants rely upon our decision in *State v. Brown,* 121 Wash. 371, 209 Pac. 855, wherein

we criticized an instruction given by the court upon the theory that an accused might be convicted of aiding and abetting in the maintaining of a place for the unlawful sale of intoxicating liquor, though absent therefrom. That instruction was criticized as not appropriate to the facts of that particular case, in view of the fact that there was no evidence therein to which it could have any application. We think that decision is not controlling here, but that our later decisions above noticed are controlling in our present inquiry.

[2] It is further contended, in behalf of appellants, that the trial court erred to their prejudice in giving instructions to the jury, in substance, that the prosecution had the lawful right to employ special officers or investigators for the purpose of collecting evidence touching the question of appellants' guilt of maintaining the place for the unlawful sale of intoxicating liquor, and also in instructing the jury in substance that, if such officers or investigators purchase liquor of appellants at the place in question, without unlawful intent on their part to violate the law, but merely to collect evidence, such conduct on the part of such officers or investigators would not make them accomplices in the crime, and that it would not be necessary in such case that their testimony be corroborated before the jury could find appellants guilty. The argument is that these instructions constitute an unlawful comment upon the evidence by the trial court. The answer to this contention, we think, is found in our decision in *State v. Smith*, 127 Wash. 588, 221 Pac. 603, where instructions in substance identical with these were approved. Our decisions in *State v. Dukich*, 131 Wash. 50, 228 Pac. 1019, and *State v. Kallas*, 133 Wash. 23, 233 Pac. 315, confirm this view of the law. Counsel for appellants rely upon our decision in *State v. Siebenbaum*, 105 Wash. 157, 177 Pac. 669, wherein observations

were made which may seem to lend support to the contention here made. Those observations, however, viewed in the light of the peculiar facts of that case and in the light of these later decisions, we think, are of no controlling force here.

The judgments are affirmed.

TOLMAN, C. J., MACKINTOSH, MITCHELL, and ASKREN, JJ., concur.