[No. 20688.   Department Two.   July 21, 1927.]

THE STATE OF WASHINGTON, *Respondent*, v. HELEN NELSON *et al.*, *Appellants*.[1]

[1] INTOXICATING LIQUORS (31, 49)—JOINTIST—EVIDENCE OF OTHER OFFENSES—ADMISSIBILITY.  In a prosecution of jointists for an offense committed August 13th, it is not inadmissible, as too remote, to show the finding of liquor on a subsequent search of the premises, September 9th.

[2] CRIMINAL LAW (265)—INTOXICATING LIQUORS (51)—TRIAL—INSTRUCTIONS—CREDIBILITY OF WITNESSES.  In a liquor prosecution, the usual instructions covering the use of special officers and investigators to procure evidence are applicable where all the state's witnesses were regular police officers.

[3] CRIMINAL LAW (452)—APPEAL—HARMLESS ERROR—INSTRUCTIONS.  Error in giving instructions not applicable to the facts of the case is not ground for reversal unless there be something to warrant the presumption of prejudice.

¹Reported in 258 Pac. 24.

Appeal from a judgment of the superior court for King county, Douglas, J., entered October 6, 1926, upon a trial and conviction of being a jointist. Affirmed.

*Edward H. Chavelle,* for appellants.

*Ewing D. Colvin* and *R. M. Burgunder,* for respondent.

TOLMAN, J.—Appellants appeal from a conviction upon a charge of opening up, conducting and maintaining a place for the unlawful sale of intoxicating liquors.

[1] The information charged that the offense was committed on August 13, 1926, and on the trial the state was permitted to show that, after the appellants had been apprehended and held to answer, their premises were again raided on September 9, 1926, liquor was then found and seized, and the details of what there occurred, including statements made by appellants in the nature of admissions, were permitted in evidence over the objection that proof of a subsequent offense was inadmissible. It is now urged, in addition, that what developed on September 9 was too remote in time to be admissible. On neither ground can admission of this evidence be held erroneous. *State v. Goforth,* 126 Wash. 56, 216 Pac. 882; *State v. Harkness,* 136 Wash. 691, 241 Pac. 297; *State v. Lesh,* 132 Wash. 316, 232 Pac. 305. True, in the last mentioned case, the discovery of liquor five and a half months after the time charged in the information was held to be too remote; but the lapse of time and the surrounding circumstances, including the nature of the place of concealment, seem to distinguish that case and to give force to the argument therein contained tending to show that, upon such facts as we have here, a contrary result would have followed. We cannot hold that the elapsing of less than a month, under such con-

ditions as were here shown, was sufficient to call for exclusion on the ground of remoteness.

[2] The court gave the usual instructions covering the use of special officers or investigators for the purpose of procuring evidence, and since the record shows that all of the witnesses who testified for the state were regular police officers, the giving of these instructions is assigned as error. Such instructions have been frequently approved. *State v. Smith,* 127 Wash. 588, 221 Pac. 603; *State v. Dukich,* 131 Wash. 50, 228 Pac. 1019; *State v. Kallas,* 133 Wash. 23, 233 Pac. 315; *State v. Dahl,* 139 Wash. 644, 247 Pac. 1023. It is no longer an open question that they are proper in a case where applicable. It appears here that officer Colby, while a regular policeman, was a plain clothes man assigned to under cover duty for the dry squad, and that would seem to justify the giving of these instructions.

[3] In any event, while the trial court will always strive to give no instruction not applicable to the facts of the case, still, if a mistake in that respect occurs, there must be something to warrant the presumption that prejudice followed therefrom before a reversal will be ordered. We can see nothing here to indicate that appellants were prejudiced by the instructions complained of.

The judgment is affirmed.

MACKINTOSH, C. J., HOLCOMB, PARKER, and FRENCH, JJ., concur.