Main, J.
 

 The defendant was charged by information with the crime of unlawfully conducting and main
 
 *649
 
 taining a place for the sale of intoxicating liquor. The trial resulted in a verdict of guilty, and from the judgment and sentence, the defendant appeals.
 

 The place which the appellant was charged with opening up and conducting for the unlawful sale of intoxicating liquor was the Commercial Hotel in the city of Snohomish, in Snohomish county. The evidence offered by the state was amply sufficient, if believed by the jury, to sustain the conviction, and we do not understand it to be seriously contended otherwise.
 

 In the information, the appellant was charged with unlawfully conducting the place between the first day of June, 1927, and the first day of March, 1929. Upon the trial, one H. H. H. Clark was permitted to testify, over objection, to having visited the place and made.purchases of liquor subsequent to the last date specified in the information and on March 20, 1929. This testimony presents the first question to be determined. It was properly admissible under the holding in the case of
 
 State v. Nelson,
 
 144 Wash. 370, 258 Pac. 24, where the same question was presented and decided adversely to the appellant’s contention in this case.
 

 The next question is whether it was error for the trial court to refuse to give the appellant’s requested instruction number 2, which was to the effect that the crime with which the appellant was charged was not that of selling intoxicating liquor, but was the opening up, maintaining and conducting a place for the unlawful sale thereof. In the instructions given, the jury were specifically told what it was necessary for them to find before they could return a verdict of guilty. In addition to-this, with reference to the testimony of Clark, the jury were instructed that his testimony was only to be considered by the jury in determining whether the place in question was main
 
 *650
 
 tained and operated as a joint during any part of the time alleged in the information. While the instruction requested might properly have been given, there was no prejudicial error in its refusal.
 

 Under the instructions given, the jury could not have understood that the appellant could be convicted for the unlawful sale of intoxicating liquor and they could only understand that a verdict of guilty could be returned in the event that they found from the evidence that the appellant was unlawfully conducting the place.
 

 Some other questions of minor importance are presented, which have been considered, but in none of them do we find substantial merit.
 

 The judgment will be affirmed.
 

 Mitchell, O. J., Fullerton, French, and Holcomb, JJ., concur.