[No. 30707. Department One. February 18, 1949.]

THE STATE OF WASHINGTON, *Respondent*, v. M. R. CLAYTON, *Appellant*.[1]

[1]Reported in 202 P. (2d) 922.

*John C. Hurspool,* for appellant.

*Albert N. Bradford,* for respondent.

STEINERT, J.—Defendant was by information charged with an unlawful and felonious attempt to carnally know and abuse a female child, not his wife, of the age of fifteen years. Trial before a jury resulted in a verdict of guilty. From a judgment of conviction and sentence, defendant appealed.

The state's evidence, although disputed by the appellant, was ample to support the verdict of the jury and no contention to the contrary is made on this appeal.

Appellant's assignments of error are directed (1) to an instruction given by the trial court, and (2) to alleged misconduct on the part of the prosecuting attorney.

The instruction upon which error is assigned reads:

"You are instructed that it is the law of this State that a person charged with attempting to carnally know a female child under the age of eighteen years may be convicted upon the uncorroborated testimony of the prosecutrix alone. That is, the question is distinctly one for the jury, and if you believe from the evidence and are satisfied beyond a reasonable doubt as to the guilt of the defendant, you will return a verdict of guilty, notwithstanding that there be no direct corroboration of her testimony as to the commission of the act."

Appellant does not contend that this instruction constitutes an incorrect statement of the law. In fact, it is conceded that, under the law as it has existed in this state since the enactment of chapter 100, p. 298, Laws of 1913 (repeal-

ing Rem. & Bal. Code, § 2443), corroboration of the prosecuting witness in cases of this nature is not required. *State v. Morden,* 87 Wash. 465, 151 Pac. 832; *State v. Davis,* 20 Wn. (2d) 443, 147 P. (2d) 940.

Appellant challenges the instruction solely upon the ground that it constitutes a comment on the evidence, violative of Art. IV, § 16, of the state constitution, in that the instruction singles out the prosecutrix from all the other witnesses and tells the jury that the weight of her testimony is such that a conviction can be based upon it alone, and, further, in that the instruction fails to state that the guilt or innocence of the appellant is to be determined from all the evidence and surrounding circumstances shown at the trial.

The constitutional provision that a trial judge shall not charge with respect to matters of fact, nor comment thereon, means no more than that the judge is forbidden to convey or indicate to the jury, by word or act, his personal opinion as to the truth or falsity of any evidence introduced upon the trial. *State v. Brown,* 19 Wn. (2d) 195, 142 P. (2d) 257; *State v. Cooper,* 26 Wn. (2d) 405, 174 P. (2d) 545; *State v. Hart,* 26 Wn. (2d) 776, 175 P. (2d) 944.

In the early case of *State v. Mitchell,* 32 Wash. 64, 72 Pac. 707, contention was made by the defendant therein that a certain instruction given by the trial court offended the constitutional provision referred to above. Disposing of that contention, this court said:

"It is the duty of the court to apply the law to the respective theories of the state and the defendant. While the court would go beyond its province in a discussion of the testimony which would indicate to the jury what weight the court attached to such testimony, yet it may tell the jury, that if it finds certain facts from the testimony, what the law is applicable to such facts, providing, always, of course, that such instruction must be confined to testimony given in the case."

In the case at bar, the trial court expressed no opinion as to the truth or falsity of the testimony of the prosecutrix, or as to the weight which the court attached to her testi-

mony, but submitted all questions involving the credibility and weight of the evidence to the jury for its decision thereon.

In *State v. Rosi,* 120 Wash. 514, 208 Pac. 15, this court held that, upon an issue concerning an alibi, an instruction containing the words "the incriminating evidence introduced by the state," did not, under the facts and circumstances of that case, constitute an unlawful comment on the evidence, inasmuch as the jury was repeatedly told that the jurors were the sole judges of the facts and of the force and effect they should give to the testimony of each witness, and that they should disregard any seeming comment made by the court upon any question of fact.

Instructions of this same nature and effect were carefully and comprehensively given by the trial court in the case now before us.

In *State v. Roberts,* 144 Wash. 381, 258 Pac. 32, where it was contended that an instruction amounted to a comment on the evidence, this court disposed of the contention with the sententious statement that:

"The trial court is not forbidden to make reference to the evidence, but is only forbidden to comment thereon."

It is true that, in the instruction of which complaint is here made, the trial court in a sense singled out the testimony of the prosecutrix. However, what the court thereby told the jury was not that the uncorroborated testimony of the prosecutrix in the instant case was sufficient to convict the appellant of the crime with which he was charged, but, rather, that in cases of this particular character, a defendant *may be* convicted upon such testimony alone, provided the jury should believe from the evidence, and should be satisfied beyond a reasonable doubt, that the defendant was guilty of the crime charged. That was a correct statement of law.

No case has been cited to us wherein, upon a charge of carnal knowledge of a minor female child, an instruction comparable to the one with which we are here concerned was given. However, counsel for respondent has called

our attention to two cases involving a situation said to be analogous to the one presented in the instant case. Those cases are: *State v. Smith,* 127 Wash. 588, 221 Pac. 603, and *State v. Dahl,* 139 Wash. 644, 247 Pac. 1023.

In the *Smith* case, *supra,* the defendant was charged with, and convicted of, the crime of unlawful possession of intoxicating liquor. On appeal, error was assigned upon the giving of two instructions. In one of these instructions, the trial court told the jury, in effect, that the state had the right to employ special officers for the purpose of collecting evidence in such cases, and that it was for the jury to determine from all of the evidence in the case, including that of the special officers, whether the defendant was guilty of the crime charged against him. In the other instruction, the court informed the jury that where such special officers, in their efforts to collect evidence, sought to, and did, purchase intoxicating liquor from the defendant, their conduct in that respect would not make them accomplices or parties to the offense, and that therefore it was not necessary in such a case that their testimony should be corroborated before the jury could find the defendant guilty.

The error assigned by the defendant in that case was based upon the contention that:

"Taken as a whole these instructions could not do otherwise than give to the jury the impression that the state's witnesses were entitled to special consideration and amounts to the comment on the evidence prohibited by the constitution."

Answering that contention, this court said:

"The instructions are given before the argument of counsel, and the trial court understands from the nature of the trial the legal points involved in the controversy and should instruct the jury accordingly. In the absence of such instructions, the attorneys would be in a hopeless legal controversy. Our constitution provides that the court shall declare the law. Const., art. 4, § 16, *supra* (Rem. Comp. Stat., § 339) [P. C. § 8504].

"By the nature of the defense, as shown by the cross-examination, the court recognized that the legal status of these special officers was brought into question and in-

structed the jury upon these legal points in controversy. The instructions properly state the law. They may have been given to prevent counsel for appellant from arguing to the jury that the testimony of the witnesses should not be accepted because they were accomplices and, not being deputy sheriffs, were unauthorized under the law to make such investigations. In view of the fact that one who requests the sale of liquor is to a certain extent involved in the transaction, *it was proper for the court to tell the jury* that, under certain circumstances, such persons are not accomplices and *that it is not necessary for their testimony to be corroborated.* The instructions were properly given." (Italics ours.)

In the *Dahl* case, *supra,* one of the questions involved was the identical question previously considered in the *Smith* case, *supra.* Dealing with that question, this court said:

"The argument is that these instructions constitute an unlawful comment upon the evidence by the trial court. The answer to this contention, we think, is found in our decision in *State v. Smith,* 127 Wash. 588, 221 Pac. 603, where instructions in substance identical with these were approved."

While the *Smith* and *Dahl* cases, *supra,* were, in our opinion, correctly decided under all the facts, circumstances, and conditions there existing, we would nevertheless hesitate to say, as was suggested in the *Smith* case, *supra,* that the instructions therein may have been given by the trial court for the purpose of preventing counsel for appellant from making a certain argument before the jury. We do not believe that it is the purpose of an instruction to anticipate and obviate improper argument by counsel, but rather to inform the jury as to the law applicable to the facts of the case. Should improper argument be subsequently made, the court has ample means of remedying the infraction. We have cited the *Smith* and *Dahl* cases, *supra,* not as controlling authority in the case presently before us, but rather as examples or illustrations of instances where an instruction given or a remark made by the trial court does not constitute an unlawful comment on the facts, within the inhibition of the constitution.

■ Another criticism levelled by the appellant against the instruction here under consideration is that it fails to state that the guilt or innocence of the appellant is to be determined from *all the evidence and surrounding circumstances shown at the trial.*

It is true that the instruction does not in itself contain the words which we have italicized above. However, it is plain, we think, that the jury must have understood, from the second sentence of the instruction, that appellant's guilt or innocence was to be determined from *all* the evidence in the case. Moreover, the jury was elsewhere expressly instructed as follows:

"You must use your common sense as men and women of experience, possessing some knowledge of worldly affairs, and if, after examining carefully all the facts and circumstances in this case you can say and feel that you have a settled and abiding conviction of the guilt of the defendant, then you are satisfied of his guilt beyond a reasonable doubt. If you have not such a conviction, then you should acquit him."

The court further instructed the jurors that they were the sole judges of the weight to be given to the testimony of the witnesses; that they should give such credit to the testimony of each witness as in their judgment, under all the circumstances, it should receive; and that they must consider all of the instructions together, and not single out, or give undue prominence to, any one instruction.

■ It is a familiar rule that a judgment will not be reversed merely because some error has been committed during the trial; but, to constitute reversible error, it must appear that the appellant was prejudiced, or could reasonably be presumed to have been prejudiced, thereby.

"The mere fact, however, that error took place is not of itself determinative. To warrant reversal, it must further appear that prejudice resulted, or could reasonably be presumed to have resulted, from such error. [Citing cases]" *State v. Levy,* 8 Wn. (2d) 630, 113 P. (2d) 306.

■ We are clearly of the opinion that, under all of the facts and circumstances of this case, as shown by the record and indicated above, the trial court committed no reversible error in giving the instruction of which appellant complains.

Appellant's claim of misconduct on the part of the prosecutor is based upon a portion of the cross-examination to which appellant was subjected. We quote that portion to which he takes exception:

"Q. Have you ever been convicted of a crime? A. No serious crime. Q. What do you mean 'no serious crime'? A. I have not been convicted of any crime except that my ex-wife had me arrested. Q. Was that for a felony? A. It wouldn't be a felony, no. Q. Pardon me? A. No, it wouldn't be a felony. Q. How many times have you been arrested for failure to provide for your wife and children? A. I don't know how many times I have been. She is in the court house and she caused me a lot of trouble in Santa Monica, California. That is why I came up here. Q. Didn't you receive a sentence of a year and five months at one time? A. No. Q. Weren't you,—were you convicted of violation of the Selective Service Act? A. Not a violation, no. They didn't get my address when I came up here and they told me to go down here. I went down and they said everything would be all right if I had an examination. I went down and had an examination and they dismissed everything that had to do with it. Q. What were you arrested for? The first time you were arrested what were you arrested for? A. I don't know. Q. It didn't mean enough to you to find out why you were arrested? A. It was my wife. She had me arrested. Q. When was that? A. I wouldn't even know the date. Q. Mr. Clayton, isn't it a fact you were arrested for petit theft on the 21st day of January, 1937? A. That may be right. Q. Isn't it a fact you were arrested and found guilty of petit larceny and served six months in the county jail? A. No, I did not. Q. You were sentenced? A. Yes, I was. Q. The first time you were arrested was for failure to support your family in 1939? A. I am not sure. Q. That didn't mean much to you either? A. Well, she was in the district attorney's office, working in the district attorney's office, and it was very easy for her to do a lot of things. It was an easy matter for her to do a lot of things."

No objection whatever was made by appellant to any of this cross-examination at the time of the interrogation, and complaint thereof is now made, for the first time, on appeal. Appellant now contends that the state's inquiry should have been confined to prior convictions and should not have been directed to instances of his arrest.

It will be observed that, at the very beginning of this cross-examination, the prosecutor asked the appellant whether he had ever been convicted of a crime, and that appellant himself first introduced the subject of his arrests. It will further be observed that appellant continuously sought to evade the questions put to him, endeavoring by gratuitous explanation to make it appear that the only brush he had ever had with the law was at the instigation of his former wife. It is also apparent that one of the prosecutor's objectives was to show, by his questioning, that appellant had been convicted of the crime of petit larceny, and that appellant by his answers was endeavoring to avert such showing.

The conclusive answer to appellant's assignment of error in this respect, however, is that he made no objection to this line of inquiry. Misconduct of counsel cannot be urged as error, on appeal, where no request was made of the trial court to correct it by an instruction to the jury, and no exception taken to the court's refusal to do so, unless the misconduct was so flagrant that no instruction would cure it. *State v. Meyerkamp,* 82 Wash. 607, 144 Pac. 942; *State v. Melson,* 186 Wash. 8, 56 P. (2d) 710; *State v. Shay,* 186 Wash. 154, 57 P. (2d) 401; *State v. Leuch,* 198 Wash. 331, 88 P. (2d) 440; *State v. Perry,* 24 Wn. (2d) 764, 167 P. (2d) 173.

Even if the cross-examination by the prosecutor be regarded as misconduct, it was not, in our opinion, so flagrant that an instruction by the court, had one been requested, would not have cured it. In fact, appellant could easily have prevented subsequent inquiry regarding arrests, had he objected to the first question propounded by the prosecutor on that subject, for the court would undoubtedly, up-

on request, have limited the inquiry strictly to prior convictions.

We find no error in the record, and the judgment is therefore affirmed.

JEFFERS, C. J., BEALS, MALLERY, and HILL, JJ., concur.