## IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| STATE OF WASHINGTON, | No.  50446-4-II |
| Respondent, | |
| v. | |
| CARL LEE DOMINGUE, | UNPUBLISHED OPINION |
| Appellant. | |

SUTTON, J. — Carl Lee Domingue appeals his conviction for first degree child molestation following a jury trial.  Domingue argues that the State committed prosecutorial misconduct during closing argument and the trial court improperly commented on the evidence by issuing an instruction that the alleged victim's testimony need not be corroborated in order to convict. Because the State's comment during closing argument was not improper and the non-corroboration instruction did not constitute an improper comment on the evidence, we hold that Domingue's claims fail and affirm his conviction.

## FACTS

On October 21, 2015, the State charged Domingue with one count of first degree child molestation, alleging that Domingue made sexual contact with an 11 year old girl, K.W.[1]

---

[1] We use initials to protect the witness's identity.  General Order 2011-1 of Division II, *In Re The Use Of Initials Or Pseudonyms For Child Witnesses In Sex Crime Cases*, available at: http://www.courts.wa.gov/appellate_trial_courts/.

At a jury trial, K.W., who was 13 years old at the time of trial, testified that around 3:00 A.M. one day in August of 2015, she woke up on her living room couch to discover Domingue with his hand up her shorts touching her private parts. K.W. testified that she saw Domingue's face lit up from the television. K.W. testified that after she woke up, Domingue "sped walked" out the front door and she went to tell her mom what happened. 2 Verbatim Report of Proceedings (VRP) at 71-72.

K.W.'s mother, Thaieka Anderson, also testified at trial. Anderson testified that earlier on the night in question, she had smoked marijuana with Domingue and another family friend. Anderson testified that she woke up to K.W. crying to her and saying, "Mommy, Carl touched me." 2 VRP at 130.

Domingue testified in his own defense. Domingue testified that on the day and night in question he smoked marijuana, drank alcohol, and consumed cocaine. Domingue denied ever touching K.W.

Over Domingue's objection, the trial court instructed the jury:

> In order to convict a person of child molestation in the first degree, as defined in these instructions, it shall not be necessary that the testimony of the alleged victim be corroborated. The jury is to decide all questions of witness credibility.

Clerk's Papers (CP) at 60.

During closing arguments, the State focused on K.W.'s credibility. The State acknowledged that the case essentially came down to a he-said-she-said determination. The State pointed out that K.W. was the only witness from the night in question who had not consumed any controlled substances and argued that it meant that K.W.'s ability to recall the events of the night was better than the other witnesses. The State continued:

> [K.W.]'s a straight A student, who came home that evening, laid down on the couch and fell asleep to the Disney channel. What bias does she have? Her and the defendant got along just fine.
>
> There's really only two possibilities. One, she's making it up; or two, she's telling the truth.

RP (4-6-17) 441.

The jury found Domingue guilty. Domingue appeals his conviction.

## ANALYSIS

### I. PROSECUTORIAL MISCONDUCT

Domingue argues that the State committed prosecutorial misconduct during its closing argument when it stated, "There's really only two possibilities. One, she's making it up; or two, she's telling the truth." Br. of Appellant at18. Because the State's comment did not misrepresent the jury's burden of proof, the comment was not improper and thus, we hold that Domingue's prosecutorial misconduct claim fails.

To prevail on his prosecutorial misconduct claim, Domingue must demonstrate that, in the context of the entire record and trial circumstances, the prosecutor's conduct was both improper and prejudicial. *State v. Thorgerson*, 172 Wn.2d 438, 442, 258 P.3d 43 (2011). To demonstrate prejudice, Domingue must show a substantial likelihood that the improper conduct affected the verdict. *Thorgerson*, 172 Wn.2d at 442–43. Because Domingue did not object to the alleged misconduct at trial, he must also show that any misconduct was so flagrant and ill intentioned that any resulting prejudice could not have been cured by a jury instruction. *Thorgerson*, 172 Wn.2d at 443. We review a prosecutor's comments at closing in the context of the entire argument, the issues in the case, the evidence addressed in the argument, and the instructions to the jury. *State v. McKenzie*, 157 Wn.2d 44, 52, 134 P.3d 221 (2006). "The State has wide latitude in drawing

and expressing reasonable inferences from the evidence, including inferences about credibility." *State v. Rodriguez-Perez*, 1 Wn. App.2d 448, 458, 406 P.3d 658 (2017).

On appeal, Domingue characterizes the State's comment during closing argument as presenting the jury with a false choice—that they could believe K.W. and convict Domingue or believe she was making up her story and acquit him. Domingue likens this case to *State v. Miles*, 139 Wn. App. 879, 890, 162 P.3d 1169 (2007), which held that the prosecutor committed misconduct when it told jurors that they could find Miles not guilty only if they believed his evidence. Domingue also likens this case to *State v. Fleming*, 83 Wn. App. 209, 213-16, 921 P.2d 1076 (1996), which held that the prosecutor committed misconduct when he told the jury that in order to acquit Fleming it must believe that the State's witnesses are lying or mistaken. However, this case is distinguishable from *Miles* and *Fleming* in that, here, the State did not misrepresent the role of the jury and burden of proof. Rather, the State's comment related entirely to the State's argument on K.W.'s credibility. The State was arguing that K.W. was a credible witness, referencing her sobriety and lack of motive to lie. The State's comment did not misrepresent its burden of proof and thus, was not improper. As a result, we hold that the State did not commit prosecutorial misconduct.

## II. NONCORROBORATION INSTRUCTION

Domingue also argues that the trial court's noncorroboration instruction constituted an impermissible comment on the evidence. We disagree.

Article 4, section 16, of the Washington Constitution provides, "Judges shall not charge juries with respect to matters of fact, nor comment thereon, but shall declare the law." Const. art. 4, § 16. This constitutional provision prohibits a judge from conveying to the jury his personal

opinion regarding the merits of the case or a particular issue within the case. *State v. Theroff*, 95 Wn.2d 385, 388–89, 622 P.2d 1240 (1980). The prohibition is intended to prevent a trial judge's opinion from influencing the jury. *State v. Lane*, 125 Wn.2d 825, 838, 889 P.2d 929 (1995). We review whether a jury instruction is legally correct de novo. *State v. Chenoweth*, 188 Wn. App. 521, 535, 354 P.3d 13 (2015). "'A jury instruction is not an impermissible comment on the evidence when sufficient evidence supports it and the instruction is an accurate statement of the law.'" *Chenoweth*, 188 Wn. App. at 535 (*quoting State v. Johnson*, 152 Wn. App. 924, 935, 219 P.3d 958 (2009)).

Here, the noncorroboration instruction mirrored RCW 9A.44.020(1), which provides: "In order to convict a person of any crime defined in this chapter[,] it shall not be necessary that the testimony of the alleged victim be corroborated." Further, Washington case law has repeatedly upheld the propriety of noncorroboration instructions. *See State v. Clayton*, 32 Wn.2d 571, 573-74, 202 P.2d 922 (1949); *State v. Malone*, 20 Wn. App. 712, 714-15, 582 P.2d 883 (1978). In 2005, we held that a nearly identical jury instruction correctly stated the law and was not an improper comment on the evidence. *State v. Zimmerman*, 130 Wn. App. 170, 182, 121 P.3d 1216 (2005). Most recently, Division I of this court held that in cases involving sex crimes, it is permissible to instruct the jury that there is no corroboration requirement. *Chenoweth*, 188 Wn. App. at 537. We are bound by controlling precedent upholding noncorroboration instructions like the one issued here. Consequently, we hold that the noncorroboration jury instruction was not an impermissible comment on the evidence.

No. 50446-4-II

We affirm Domingue's conviction.

A majority of the panel having determined that this opinion will not be printed in the

Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040,

it is so ordered.

SUTTON, J.

We concur:

MAXA, C.J.

MELNICK, J.