# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In the Matter of the Personal Restraint of: | No. 60403-5-II |
| WILLIAM LEROY BURCH, III, | UNPUBLISHED OPINION |
| Petitioner. | |

CHE, J. — William Leroy Burch III filed a timely personal restraint petition (PRP), requesting reversal of his convictions for two counts of second degree rape and two counts of third degree rape of a child.

The trial court gave a "no corroboration" instruction, where the court instructed the jury that, in order to convict the defendant of the crimes charged, it was not necessary for the victim's testimony to be corroborated. After direct appeal and resentencing, Burch filed this PRP.

Burch alleges that the trial court improperly commented on the evidence and violated his right to a jury trial when it gave the no corroboration instruction to the jury. Burch also raises an ineffective assistance of counsel claim based on his trial counsel not objecting to the State's proposed no corroboration jury instruction.

We hold that Burch fails to show the trial court's no corroboration jury instruction was an improper comment on the evidence or the instruction violated his state constitutional rights to a jury trial. We also hold that Burch's ineffective assistance of counsel claim fails because he cannot show that any objection to the no corroboration instruction would have likely been sustained under the circumstances.

Accordingly, we deny Burch's PRP.

FACTS

Following allegations that Burch had raped one of Burch's adoptive daughters, DB, and groped another, TB, the State brought eight charges against Burch.

The State charged Burch with six counts that listed DB as the victim: two counts of third degree child rape, two counts of second degree rape, and two counts of first degree incest. For the counts of third degree child rape and first degree incest, the State charged aggravating circumstances of an ongoing pattern of sexual abuse of the same victim under the age of 18 and using a position of trust or confidence to facilitate the crimes. Additionally, on both second degree rape counts, the State charged the aggravating circumstance of the victim being under the age of 15 at the time of the offense.

The State also charged Burch with two counts that listed TB as the victim: one count of indecent liberties with forcible compulsion and one count of second degree incest.

At Burch's jury trial, the State proposed a no corroboration jury instruction, to which Burch's counsel did not object.[1] The instruction, as provided to the jury, stated:

> Instruction No. 6. In order to convict a person of the crimes of rape of a child in the third degree, rape in the second degree, incest in the first degree, incest in the second degree, or indecent liberties, as defined in these instructions, it is not necessary that the testimony of the alleged victim be corroborated.

PRP at 12. According to Burch, the trial court also instructed the jury that "'[i]t is your duty to decide the facts in this case based upon the evidence presented to you during this trial'" and "'[i]t

_____

[1] In a declaration attached to the PRP, Burch's trial counsel stated that he thought he objected to the no corroboration instruction. He declared that it was his standard practice to object to this instruction and his failure to object was an oversight and not a strategic decision.

also is your duty to accept the law from my instructions, regardless of what you personally believe the law is or what you personally think it should be.'" PRP at 28 (quoting "Instruction No. 1" in the trial record). The trial court further instructed the jury that they were the sole judges of both witness credibility and of the value or weight to be given to the testimony of each witness.

The jury convicted Burch of all counts involving DB, including finding all charged aggravating circumstances for those counts, and acquitted him of all counts involving TB.

Burch sought a timely direct appeal to this court. Burch raised a sufficiency of the evidence claim against the two first degree incest convictions, multiple prosecutorial misconduct claims, and an ineffective assistance of counsel claim unrelated to the one Burch now raises. We rejected Burch's prosecutorial misconduct and ineffective assistance of counsel claims. However, we held that error occurred with the first degree incest convictions and reversed those two convictions. We affirmed the remaining four convictions. We remanded for the trial court to dismiss with prejudice the two first degree incest convictions and for resentencing on the remaining convictions. Our mandate issued on October 6, 2023.

On May 17, 2024, the trial court resentenced Burch and ordered him to serve a sentence of 300 months to life for two counts of third degree child rape and two counts of second degree rape.

On October 2, 2024, Burch filed this PRP. The State concedes that the PRP was timely. At the time of the PRP's filing, Burch was confined in a state corrections facility.

ANALYSIS

Because society has a significant interest in the finality of criminal convictions, collateral attacks on convictions made through a PRP are only allowed in extraordinary circumstances. *In re Pers. Restraint of Kennedy*, 200 Wn.2d 1, 12, 513 P.3d 769 (2022). To obtain relief through a PRP, the petitioner has the burden to prove either "(1) a constitutional error that resulted in actual and substantial prejudice or (2) a nonconstitutional error that 'constitutes a fundamental defect which inherently results in a complete miscarriage of justice.'" *In re Pers. Restraint of Meredith*, 191 Wn.2d 300, 306, 422 P.3d 458 (2018) (internal quotation marks omitted) (quoting *In re Pers. Restraint of Davis*, 152 Wn.2d 647, 671-72, 101 P.3d 1 (2004)). The petitioner must make either of these showings by a preponderance of the evidence. *In re Pers. Restraint of Yates*, 177 Wn.2d 1, 17, 296 P.3d 872 (2013).

I. NO CORROBORATION JURY INSTRUCTION

First, Burch argues that the trial court improperly commented on the evidence at trial through the no corroboration instruction, which instructed the jury that the alleged victim's testimony did not require corroboration. Second, Burch argues that the same instruction violated his right to a trial by jury under article I, section 21 of the Washington Constitution.

A.       *Burch Fails to Show that the Trial Court's No Corroboration Jury Instruction was a Comment on the Evidence*

Burch first asserts that the trial court made an improper comment on the evidence at trial by providing the no corroboration instruction to the jury because it "singled out the [alleged victim's] testimony as both special and uniquely credible." PRP at 18. We disagree.

Under article IV, section 16 of the Washington Constitution, "[j]udges shall not charge juries with respect to matters of fact, nor comment thereon, but shall declare the law." WASH. CONST. art. IV, § 16. A trial court makes an improper comment on the evidence if it gives a jury instruction that conveys to the jury its "personal attitude on the merits of the case." *State v. Rohleder*, 31 Wn. App. 2d 492, 496, 550 P.3d 1042, *review denied*, 3 Wn.3d 1029 (2024). However, a jury instruction is not an improper comment when the instruction does no more than accurately state the law pertaining to an issue. *Id*. In determining whether the trial court made an improper comment through a jury instruction, we review the instructions de novo. *Id*.

The trial court provided the jury with the following no corroboration instruction:

> In order to convict a person of the crimes of rape of a child in the third degree, rape in the second degree, incest in the first degree, incest in the second degree, or indecent liberties, as defined in these instructions, it is not necessary that the testimony of the alleged victim be corroborated.

PRP at 12. The jury thereafter convicted Burch of two counts of third degree child rape and two counts of second degree rape, both crimes falling under chapter 9A.44 RCW.

RCW 9A.44.020(1) provides, "In order to convict a person of any crime defined in this chapter it shall not be necessary that the testimony of the alleged victim be corroborated."[2] Each of Burch's four convictions fall under chapter 9A.44 RCW.

In *Rohleder*, the trial court instructed the jury with an identical instruction but for the inclusion of different crimes under chapter 9A.44 RCW:

> In order to convict a person of the crimes of Rape of a Child in the First Degree, or Child Molestation in the First Degree, or Child Molestation in the Second Degree

---

[2] The legislature amended RCW 9A.44.020, effective July 1, 2024. LAWS OF 2024, ch. 297, § 12. However, as the amendment made no changes to this section, we cite to the current version of the statute.

as defined in these instructions, it is not necessary that the testimony of the alleged victim be corroborated.

31 Wn. App. 2d at 495; *see* RCW 9A.44.073 (first degree child rape), .083 (first degree child molestation), .086 (second degree child molestation). On appeal, Rohleder argued that the instruction constituted a comment on the evidence "without additional language clarifying the jury's role in evaluating evidence and without instructing that no corroboration of his testimony was needed." *Rohleder*, 31 Wn. App. 2d at 495-96.

We noted "strong concerns about the giving of the no corroboration instruction," and recognized that "there is no need for a no corroboration instruction, and the better practice is for trial courts not to give one." *Id.* at 501. However, we held that, "Although we believe that Rohleder's arguments have merit, we are constrained by [the Supreme Court's opinion in *State v. Clayton*, 32 Wn.2d 571, 202 P.2d 922 (1949)] to conclude that this instruction was not a comment on the evidence." *Id.* at 496. Subsequently, the Supreme Court denied review of *Rohleder*. *State v. Rohleder*, 3 Wn.3d 1029, 559 P.3d 492 (2024).

*Clayton* also presented a nearly identical argument to that which Burch raises here: that the no corroboration instruction constituted a comment on the evidence. *Clayton*, 32 Wn.2d at 573. In *Clayton*, the trial court instructed the jury in the following way:

> [I]t is the law of this State that a person charged with attempting to carnally know a female child under the age of eighteen years may be convicted upon the uncorroborated testimony of the prosecutrix alone. That is, the question is distinctly one for the jury, and if you believe from the evidence and are satisfied beyond a reasonable doubt as to the guilt of the defendant, you will return a verdict of guilty, notwithstanding that there be no direct corroboration of her testimony as to the commission of the act.

*Id.* at 572. Clayton, similarly to Burch, argued that the instruction constituted an unlawful comment on the evidence because "the instruction singles out the prosecutrix from all the other

6

witnesses and tells the jury that the weight of her testimony is such that a conviction can be based upon it alone." *Id.* at 573. Our Supreme Court rejected Clayton's argument noting that:

> It is true that, in the instruction of which complaint is here made, the trial court in a sense singled out the testimony of the prosecutrix. However, what the court thereby told the jury was not that the uncorroborated testimony of the prosecutrix in the instant case was sufficient to convict the appellant of the crime with which he was charged, but, rather, that in cases of this particular character, a defendant *may* be convicted upon such testimony alone, provided the jury should believe from the evidence, and should be satisfied beyond a reasonable doubt, that the defendant was guilty of the crime charged. That was a correct statement of law.

*Id.* at 574 (emphasis in original). The Court held that no reversible error occurred by the trial court providing this "no corroboration" instruction to the jury. *Id.* at 577-78.

Just like the instructions in *Clayton* and *Rohleder*, the instruction here was a correct statement of law and did not constitute a comment on the evidence. *Clayton*, 32 Wn.2d at 574; *Rohleder*, 31 Wn. App. 2d at 501. Because we are bound by *Clayton*'s holding, which Burch recognizes, and we agree with *Rohleder*, Burch's argument that the instruction constituted an unlawful comment on the evidence fails. *Clayton*, Wn.2d at 574; *see also Rohleder*, 31 Wn. App. 2d at 501 ("[D]espite being over 90 years old, *Clayton* remains good law.").

B.      *Burch Fails to Show that the Trial Court Violated His Right to a Jury Trial*

We now turn to Burch's second argument—that the trial court violated his right to a jury trial. More specifically, Burch contends that the instruction constrained the jury in such a way that the jury had to take the victim's testimony at face value and did not allow the jury to weigh the witness's credibility, regardless of corroboration. Burch appears to assert that the instruction misled or confused the jury as to their essential role as fact-finders. We disagree.

Under Article I, section 21 of the Washington Constitution, "[t]he right of trial by jury shall remain inviolate." WASH. CONST. art. I, § 21. "The right to have factual questions decided

by the jury is crucial to the right to trial by jury." *State v. Montgomery*, 163 Wn.2d 577, 590, 183 P.3d 267 (2008). Under the constitution, the jury is consigned "'the ultimate power to weigh the evidence and determine the facts.'" *Id.* (quoting *James v. Robeck*, 79 Wn.2d 864, 869, 490 P.2d 878 (1971)).

In *Rohleder*, the appellant also claimed that the no corroboration jury instructions violated his state constitutional right to a jury trial. *Rohleder*, 31 Wn. App. 2d at 501. Rohleder argued that the no corroboration instruction "suggested that jurors were *required* to believe [the victim] without corroboration." *Id.* at 502 (emphasis in original).

We rejected this argument, noting that the instruction's language allowed jurors to believe the victim without corroboration, but did not require the result. *Id.* Further, another jury instruction told the jury that they were the sole judges of credibility of each witness, and the sole judges of the value or weight to be given to each witness. *Id.* We stated that the no corroboration instruction neither made a comment on credibility nor mislead the jury about their role as the sole judges of witness credibility. *Id.* Accordingly, we held that instruction did not violate the appellant's right to a jury trial. *Id.*

Here, with a nearly identical no corroboration instruction to that in *Rohleder*, the trial court also instructed the jury separately that "they are the sole judges of witness credibility and the sole judges of the value or weight to be given to the testimony of each witness." PRP at 28. Like in *Rohleder*, the no corroboration instruction given in Burch's trial neither misled the jury nor commented on witness credibility such that it relieved or restricted the jury of its fact-finding responsibilities. Instead, the no corroboration instruction allowed but did not require a jury to convict Burch without corroborating evidence.

8

Accordingly, we hold that the trial court did not err in giving the no corroboration jury instruction because it did not constitute a comment on the evidence and the instruction did not violate Burch's right to a jury trial under Article I, section 21 of the Washington Constitution.

## II.  INEFFECTIVE ASSISTANCE OF COUNSEL

Burch argues that he was denied effective assistance of counsel by his trial counsel's failure to object to the no corroboration instruction.  Burch asserts that counsel's failure to object constituted deficient performance, and that the deficient performance actually and substantially prejudiced him.  We disagree.

The Sixth Amendment to the United States Constitution and article I, section 22 of the Washington Constitution guarantee defendants the right to effective assistance of counsel.  *State v. Estes*, 188 Wn.2d 450, 457, 395 P.2d 1045 (2017).

To be entitled to collateral relief in a PRP through an ineffective assistance of counsel claim, the petitioner must show that counsel's performance was deficient and that the deficient performance was prejudicial.  *In re Pers. Restraint of Crace*, 174 Wn.2d 835, 840, 280 P.3d 1102 (2012).  Deficient performance is performance falling "below an objective standard of reasonableness based on consideration of all the circumstances."  *State v. Kyllo*, 166 Wn.2d 856, 862, 215 P.3d 177 (2009) (quoting *State v. McFarland*, 127 Wn.2d 322, 334-35, 899 P.2d 1251 (1995)).  The petitioner alleging ineffective assistance must overcome a strong presumption that counsel's performance was reasonable.  *Id.* at 862.

When a PRP raises an ineffective assistance of counsel claim, we apply the same prejudice standard as we would on direct appeal.  *In re Pers. Restraint of Lui*, 188 Wn.2d 525, 538, 397 P.3d 90 (2017).  To show prejudice, the petitioner must prove there is a reasonable

9

probability that, but for counsel's deficient performance, the outcome of the proceedings would have been different. *Kyllo*, 166 Wn.2d at 862.

To establish deficient performance or prejudice when claiming that counsel provided ineffective assistance of counsel in failing to object to jury instructions, a petitioner "must first show that if his counsel had objected to the [] instruction on [the challenged] grounds, these objections would likely have been successful." *State v. Gerdts*, 136 Wn. App. 720, 727, 150 P.3d 627 (2007); *see also State v. Vazquez*, 198 Wn.2d 239, 248, 494 P.3d 424 (2021) ("If a defendant centers their claim of ineffective assistance of counsel on their attorney's failure to object, then 'the defendant must show that the objection would likely have succeeded.'" (quoting *State v. Crow*, 8 Wn. App. 2d 480, 508, 438 P.3d 541 (2019)). The failure to establish either deficient performance or prejudice ends our inquiry. *Kyllo*, 166 Wn.2d at 862.

"A trial court has discretion to decide how jury instructions are worded and whether to give a requested instruction." *State v. Healy*, 157 Wn. App. 502, 506, 237 P.3d 360 (2010). Jury instructions are sufficient when (1) they allow counsel to argue their theory of the case, (2) are not misleading, and (3) when read as a whole properly inform the trier of fact of the applicable law. *State v. Knutz*, 161 Wn. App. 395, 403, 253 P.3d 437 (2011). In addressing ineffective assistance of counsel claims related to jury instructions, we adhere to the rule that "we must read jury instructions together, as a whole." *See State v. Eplett*, 167 Wn. App. 660, 666, 274 P.3d 401 (2012) (holding that an appellant fails to show deficient performance for proposing certain jury instructions because the instructions read as a whole were sufficient).

Here, Burch contends that the result at trial would have been different if counsel objected to the instruction because it would have prevented the no corroboration instruction from being

read to the jury. He speculates that without the no corroboration instruction, the jurors would have then weighed the evidence differently. However, even if his counsel had objected to the no corroboration instructions, Burch's assertion fails because Burch cannot show that an objection to the instruction would have likely succeeded.

Attached to his PRP, Burch provided an affidavit from his trial counsel stating, "Some judges in Clark County Superior Court have sustained objections [he had] made to 'no corroboration' jury instruction in other sex offense cases where [he] was trial counsel." Decl. of Trial Counsel at 2 (PRP at PDF 110)[3]. However, the corollary is also true—that some judges in the same court have overruled objections made to the no corroboration instruction in sex offense cases involving the same trial counsel. Moreover, Burch does not point to any facts indicating that the trial court *in this case* would have sustained Burch's objection to the proposed instructions. As discussed above, the no corroboration instruction was a correct statement of law and not misleading as it was presented and considering other jury instructions presented. And, while Burch contends that omitting the instructions would have aided his defense, Burch does not argue that the instruction itself, or in combination with other instructions, prohibited him from arguing his theory of the case. Given the trial court's discretion to determine whether to give a requested jury instruction, Burch fails to show that an objection to the no corroboration instruction would have likely succeeded under these circumstances.

Because Burch fails to show that the trial court would have likely sustained an objection to the no corroboration instruction on the grounds Burch raises here, we hold that Burch's

---

[3] The attachments to the PRP contain no pagination, therefore, we cite to the PDF document number.

11

ineffective assistance of counsel claim fails. *See Gerdts*, 136 Wn. App. at 727 (holding that an appellant "must first show that if his counsel had objected to the [] instruction on [the challenged] grounds, these objections would likely have been successful" for an ineffective assistance of counsel claim related to a failure to object to jury instructions).

CONCLUSION

We deny Burch's PRP.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Che, J.

We concur:

Lee, P.J.

Price, J.

12