# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

# DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 59775-6-II |
| Respondent, | |
| v. | |
| JOHNATHON ALEXANDER MCCLURE, | UNPUBLISHED OPINION |
| Appellant. | |

MAXA, P.J. – Johnathon McClure appeals his convictions of third degree child molestation and second degree incest involving his 14-year-old daughter, KCM. The convictions were based on the testimony of KCM, who has autism and a traumatic brain injury (TBI) from a car accident that occurred when she was two years old. The trial court gave a no corroboration jury instruction, which stated that it is not necessary for the testimony of the alleged victim to be corroborated to convict a person of the charged offenses.

McClure argues that the trial court abused its discretion and unconstitutionally commented on the evidence by giving the no corroboration jury instruction because of KCM's autism and poor memory due to her TBI. McClure also argues that giving the no corroboration instruction is unconstitutional in all circumstances.

We hold that based on Supreme Court precedent, the trial court did not err in giving the no corroboration jury instruction. Accordingly, we affirm McClure's convictions.

FACTS

KCM is one of two children that McClure and Valerie McClure had together during their marriage from 2007 to 2016. In April 2022, when the incident occurred, KCM was 14 years old and McClure lived in Vancouver. McClure and Valerie[1] shared custody of their children, and KCM and her brother stayed with McClure every other weekend.

In April 2022, KCM and her brother went to McClure's home for the weekend. After going to bed on Saturday night, KCM woke up and discovered that McClure was lying beside her in bed. KCM testified that McClure was rubbing the top part of her vagina with his hand. She testified that she could not remember if his hand was under or outside of her clothing, or if she could feel his skin on hers. KCM testified that this did not go on for very long, and then McClure got up and left.

A few days later, KCM told Valerie that McClure had touched her inappropriately while she was at his home. Valerie called law enforcement. Two officers came to the house and made a police report.

Valerie took KCM to the hospital to have her checked out. KCM disclosed to the emergency room doctor that McClure put his hands down her pants and "digitally manipulated her vagina." Rep. of Proc. (RP) at 298.

Deedee Pegler, a forensic interviewer with training and experience interviewing children with autism, interviewed KCM. KCM disclosed the abuse to her. Pegler testified that children

---

[1] Because of their shared last name, we refer to Valerie McClure by her first name to avoid confusion. No disrespect is intended.

with autism are no more suggestible than neurotypical children, and though they tend to give fewer details than neurotypical children, they are no less accurate in their reports.

*No Corroboration Jury Instruction*

At trial, the State proposed a no corroboration jury instruction. Defense counsel objected to the instruction. The trial court gave the instruction, which stated, "In order to convict a person of the crime of Child Molestation in the Third Degree or Incest in the Second Degree . . . it is not necessary that the testimony of the alleged victim be corroborated by other evidence." Clerk's Papers (CP) at 58.

The jury found McClure guilty of third degree child molestation and second degree incest. McClure appeals his convictions.

ANALYSIS

McClure argues that the trial court abused its discretion by giving the no corroboration jury instruction and that the instruction was unconstitutional and an improper comment on the evidence. We disagree.

Generally, we review a trial court's choice of jury instructions for an abuse of discretion. *State v. Hathaway*, 161 Wn. App. 634, 647, 251 P.3d 253 (2011). A trial court's jury instruction that accurately states the law does not constitute an impermissible comment on the evidence. *State v. Brush*, 183 Wn.2d 550, 557, 353 P.3d 213 (2015).

RCW 9A.44.020(1) states that to convict a person of child molestation or incest, "it shall not be necessary that the testimony of the alleged victim be corroborated." In *State v. Clayton*, 32 Wn.2d 571, 574, 202 P.2d 922 (1949), the Supreme Court held that a no corroboration instruction was not a comment on the evidence because under the law, "in cases of [child sex crimes], a defendant *may be* convicted upon such testimony alone, provided the jury should

3

believe from the evidence, and should be satisfied beyond a reasonable doubt, that the defendant was guilty of the crime charged." Accordingly, the court held that an instruction that a victim's testimony alone is sufficient to convict a defendant was a correct statement of law. *See id.*

Here, the jury instruction that was given accurately stated the law as provided in RCW 9A.44.020(1). Courts have continued to uphold the instruction in sexual abuse cases based on the holding in *Clayton*, while also expressing concern about the propriety of such an instruction. *See, e.g.*, *State v. Rohleder*, 31 Wn. App. 2d 492, 500-01, 550 P.3d 1042, *review denied*, 3 Wn.3d 1029 (2024); *State v. Kovalenko*, 30 Wn. App. 2d 729, 746, 546 P.3d 514, *review denied*, 3 Wn.3d 1036 (2024); *State v. Zimmerman*, 130 Wn. App. 170, 182-83, 121 P.3d 1216 (2005). The Washington Supreme Court Committee on Jury Instructions recommends against using such an instruction. 11 WASHINGTON PRACTICE: WASHINGTON PATTERN JURY INSTRUCTIONS: CRIMINAL 45.02 cmt., at 1004 (5th. ed 2021).

But we are bound to follow *Clayton* as long as it remains good law. And the Supreme Court denied review in the most recent cases upholding the no corroboration instruction. Therefore, we hold that the trial court did not unconstitutionally comment on the evidence when it gave the no corroboration instruction.

McClure argues that the trial court nonetheless abused its discretion in giving the no corroboration instruction under the unique circumstances of this case – an alleged victim with autism and a TBI. He argues that the jury could have confused their responsibility to evaluate KCM's credibility with the judge's instruction that no corroborating testimony is necessary.

Although no published case has addressed the no corroboration instruction in the context of a victim with autism, there is no indication that the propriety of giving this instruction depends on the nature of the victim. In addition, KCM's autism and TBI relate to her credibility in front

of the jury, not whether the trial court abused its discretion in giving a jury instruction. McClure had the opportunity to cross-examine KCM and assert that her autism and TBI could distort her perception of the truth of the events. But that does not mean that the jury instruction was an abuse of discretion, and the jury chose to believe KCM's account of what happened in convicting McClure.

Accordingly, we hold that the trial court did not err when it gave the no corroboration jury instruction.

## CONCLUSION

We affirm McClure's convictions of third degree child molestation and second degree incest.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

MAXA, P.J.

We concur:

GLASGOW, J.

CHE, J.